In the Matter of the Application of the Directors of the BINGHAMTON GENERAL ELECTRIC COMPANY for a Voluntary Dissolution and for the Appointment of a Receiver.

The court has no power, in a proceeding under the Code of Civil Procedure for the voluntary dissolution of a corporation, to restrain creditors of the corporation from disposing of its bonds, held as collateral to loans under lawful contracts, empowering them to sell.

The proceeding is purely statutory and the restraining power of the court is such as is given by the Code of Civil Procedure (§ 2423). The equity power of the court does not extend to the sequestration of the property of a corporation by means of a receiver.

Where, therefore, an order in such a proceeding appointing a temporary receiver, contained a clause restraining creditors of the corporation from foreclosing or selling its bonds pledged as collateral, *held*, that the order was properly modified on motion of a creditor who had prior to the institution of the proceeding received bonds of the corporation as collateral security for money loaned, so as not to restrain or prohibit said creditor from foreclosing or selling said bonds, as authorized by the contract under which the bonds were held.

(Argued June 19, 1894 ; decided October 9, 1894.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made May 18, 1894,

which modified and affirmed as modified an order of Special Term which modified an order of said court appointing a receiver of the Binghamton General Electric Company.

The nature of the proceeding, the facts and provisions of the order appealed from, so far as material, are stated in the opinion.

*W. J. Welsh* for appellant. A proceeding for a voluntary dissolution of a corporation is a purely statutory one, in which the court has no power or authority to act except as such power is conferred by statute. (*In re B. S. & F. Co.*, 34 Hun, 369; *Magee* v. *G. Academy*, 17 N. Y. S. R. 221; 1 N. Y. Supp. 709; *Matter of the Mart*, 22 Abb. [N. C.] 227; *Chamberlain* v. *R. S. P. V. Co.*, 7 Hun, 557; *U. S. T. Co.* v. *N. Y., W. S. & B. R. Co.*, 101 N. Y. 478; *Decker* v. *Gardner*, 124 id. 334; Code Civ. Pro. § 2419; *Ruggles* v. *Chapman*, 59 N. Y. 163; *R. L. & M. Works* v. *Kelly*, 88 id. 234; *In re H. P. S. F. Assn.*, 129 id. 288; *People* v. *Remington*, 121 id. 328.)

*George F. Lyon* for respondent. The court had the power to grant the order of March first. (*In re S. S. T. B. Co.*, 136 N. Y. 169; *Wilkinson* v. *N. R. C. Co.*, 66 How. Pr. 423; *P. F. M. Co.* v. *N. R. C. Co.*, 33 Hun, 156; *Atty.-Gen.* v. *G. M. L. Ins. Co.*, 77 N. Y. 272; *Woerishoffer* v. *N. R. C. Co.*, 99 id. 398, 402, 403; 2 Story's Eq. Juris. § 891; *In re H. P. S. F. Assn.*, 129 N. Y. 288–295; *In re G. M. L. Ins. Co.*, 13 Hun, 115; 74 N. Y. 617; *Walling* v. *Miller*, 108 id. 173.)

BARTLETT, J. This is a proceeding for the voluntary dissolution of a corporation under title XI, chapter XVII of the Code of Civil Procedure. In the order appointing the temporary receiver, all creditors, corporations and other persons were restrained from foreclosing or selling the bonds of the Binghamton General Electric Company pledged as collateral, and from reducing the same to possession. The Bing-

hamton Trust Company having, prior to the institution of this proceeding, loaned money to the Binghamton General Electric Company and taken its bonds as collateral security, moved to modify the injunction contained in the order appointing the temporary receiver so as to permit it to dispose of the bonds of the Binghamton General Electric Company held as collateral to loans. The Special Term granted the motion and modified the injunction clause accordingly, inserting in its order this provision, viz.: " It being hereby intended to amend said order to the purpose it shall not restrain or prohibit The Binghamton Trust Company, a creditor of said corporation, from foreclosing or selling the bonds of said corporation pledged to it as collateral and for no other purpose." The petitioners in this proceeding appealed from the order of modification, and the General Term modified the order of the Special Term by striking out that part which modified the restraining clause in the original order appointing the receiver. From this order the Binghamton Trust Company appeals.

We are of opinion that the order of the General Term should be reversed. This proceeding is purely statutory, and the terms of the order appointing the temporary receiver and the scope of its injunction clause are defined by section 2423 of the Code of Civil Procedure. The court is empowered to restrain the creditors of the corporation from bringing any action against it for the recovery of a sum of money, or from taking any further proceedings in an action theretofore commenced.

There is nothing in the statute under which this proceeding was instituted authorizing the court to restrain the creditors of the corporation from disposing of its bonds held as collateral to loans under lawful contracts empowering them to sell.

It has long been the settled law of this state that the jurisdiction of Chancery does not extend to the sequestration of the property of a corporation by means of a receiver. (*Atty.-Genl.* v. *Utica Ins. Co.*, 2 John. Ch. 371 ; *Atty.-Genl.* v. *Bk. of Niagara,* Hopk. 354; *U. S. Trust Co.* v. *N. Y., W. S. & B. Ry. Co.,* 101 N. Y. 478.)

It follows that the authority of the court in this proceeding must be found in the statute and not in its general equitable powers. It is obvious that every lien upon the property of a corporation resting upon valid agreement or process before the appointment of a receiver, the lienor being lawfully in possession, must be preserved with the right of enforcement, unless courts and legislatures are to override the vested rights of creditors. This general principle has been repeatedly recognized and approved by this court. (*Ruggles* v. *Chapman*, 59 N. Y. 163; *Rogers Locomotive and Machine Works* v. *Kelley*, 88 id. 234; *In Matter of H. P. S. F. Asso.*, 129 id. 288; *People* v. *Remington*, 121 id. 328.)

In an early case in this state, Chief Justice SPENCER, in discussing the rights of a secured creditor as bearing upon those of junior or unsecured creditors, said: "I know of no principle of equity which can take from him any part of his security, until he is completely satisfied." (*Evertson* v. *Booth*, 19 John. 486.) The learned counsel for the respondents has cited a number of cases in this and other courts which he insists justify the original injunction order restraining creditors holding collateral security, but in this he is mistaken.

It is also urged on behalf of the respondents that the Binghamton Trust Company does not hold as collateral security as many of the bonds of the Binghamton General Electric Company as is claimed in the affidavit of its president. That question is not to be determined in this proceeding. The modified order made by the Special Term only authorizes the sale of such bonds by the Binghamton Trust Company as are pledged to it as collateral.

The order appealed from is reversed, with costs, wherein it modifies the order of the Special Term entered in Broome county clerk's office on the 10th day of April, 1894, by striking out that part of said order which modifies the restraining clause in the order of March 1st, 1894, appointing the temporary receiver herein.

All concur, except ANDREWS, Ch. J., not sitting.

Ordered accordingly.