PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT, HAIGHT and MARTIN, JJ., concur.

Order and judgment affirmed.

---

In the Matter of the Application of DENIS COLEMAN, Appellant, for Leave to Issue Execution and Sell Certain Real Property.

THE KARSH BREWING COMPANY et al., Respondents.

1. CORPORATIONS — DISSOLUTION — JUDGMENT. A final decree dissolving a corporation and appointing a permanent receiver, which orders a sale of the realty subject to specified liens, does not have the effect of divesting the liens of existing judgments not referred to therein, and, until any particular judgment is satisfied from the moneys in the hands of the receiver, it is the right of the owner of the judgment to proceed to execution and sell subject to the order of the court.

2. RECEIVERS — SALE OF REALTY — The receiver of an insolvent corporation derives his power and authority from the provisions of the General Corporation Law, which do not permit him to sell the corporate realty, subject to certain liens referred to in the final decree and disregard others that are valid and existing, but he is required to redeem mortgages and pledges and satisfy judgments which may be an incumbrance upon the property, or to sell it subject thereto.

3. SAME — PROVISIONS OF CODE OF CIVIL PROCEDURE NOT APPLICABLE THERETO. The provisions of the Code of Civil Procedure, permitting the sale of lands in partition free of all liens, are not applicable to the dissolution of corporations on the ground of insolvency.

4. JUDICIAL SALE — RECEIVERS — JUDGMENT. A purchaser at receiver's sale of the land of an insolvent corporation takes title subject to the lien of a judgment recovered against the corporation prior to the institu-

tion of proceedings for its dissolution, but declared void and directed canceled of record in a stockholder's action attacking the judgment as fraudulent, which cancellation was enjoined pending appeal on which the judgment was declared valid and permitted to stand for a reduced amount, notice of which judgment and the pending appeal was given to the bidders assembled at the sale.

5. EXECUTION — JUDICIAL SALE — CORPORATIONS. The owner of a judgment, which is a lien upon the lands of an insolvent corporation which has passed into the hands of a receiver, may proceed to execution and sell the realty subject to the order of the court, although his judgment was omitted from the list of liens enumerated in the final decree of dissolution and subject to which the receiver was authorized to, and did, make sale of the realty.

*Matter of Coleman*, 77 App. Div. 496, reversed.

(Argued March 18, 1903; decided April 7, 1903.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 11, 1902, which affirmed an order of Special Term denying a motion for leave to issue execution on a certain judgment.

The nature of the proceeding, the facts and the questions certified, so far as material, are stated in the opinion.

*John A. Dutton* for appellant. The judgment in question never ceased to be a lien upon the real property of the judgment debtor in Queens county, described in the petition, because the Halpin judgment, declaring it vacated, was itself modified and stayed, and the docket of the judgment in question preserved by the order in the Halpin suit made August 21, 1895. (Code Civ. Pro. §§ 1250, 1251; *Mott* v. *Union Bank*, 38 N. Y. 18; *Holmes* v. *Rogers*, 18 N. Y. S. R. 652; *Holmes* v. *Bush*, 35 Hun, 637; *Matter of Henderson*, 157 N. Y. 423; *N. Y. I. Co.* v. *N. W. Ins. Co.*, 23 N. Y. 357; *Ladd* v. *Stevenson*, 112 N. Y. 325; *Vanderbilt* v. *Schreyer*, 81 N. Y. 646; *Matter of Regan*, 167 N. Y. 338; *Genet* v. *President, etc.*, 113 N. Y. 472.) The judgment of the Appellate Division declaring it valid to the extent of $5,175 related back to the time of the original docketing of the judgment in question and made it a valid lien from that

time as against the respondents, because they are not *bona fide* purchasers or incumbrancers of the property, the purchaser at the receiver's sale having both actual and constructive notice of the existence of the docket and pendency of the appeal in the Halpin suit. (*King* v. *Harris*, 34 N. Y. 330; *Foote* v. *Dillaye*, 65 Barb. 521; *Taylor* v. *Ranney*, 4 Hill, 619; *Porter* v. *Parks*, 49 N. Y. 564; *Dickinson* v. *Tillinghast*, 4 Paige, 215; *Curnen* v. *Mayor, etc.*, 79 N. Y. 511; *Sweetland* v. *Buell*, 164 N. Y. 541.) The receiver took title to the real property of the corporation subject to the lien of the judgment in question, or to whatever rights or equities existed in favor of the judgment creditor, and such lien or rights were not divested either by the appointment of the receiver, or by the sale of the real property by him. (Beach on Receivers, 209, § 218; Gluck & Becker on Receivers, 19; *Matter of B. G. I. C.*, 143 N. Y. 261; *Woerishoffer* v. *N. R. C. Co.*, 99 N. Y. 398; *Davendorf* v. *Beardsley*, 23 Barb. 656; *Matter of Van Allen*, 37 Barb. 225; *Hubbard* v. *Hamilton Bank*, 7 Metc. [Mass.] 340; *C. C. Bank* v. *Risley*, 19 N. Y. 369; *Fitzgerald* v. *Quann*, 109 N. Y. 386; *Dean* v. *M. E. R. Co.*, 119 N. Y. 540; *Scott* v. *Elmore*, 10 Hun, 68.) The confirmation of the sale by the court did not enlarge the title which the purchaser took from the receiver, but merely made the sale by the receiver the act of the court itself, being necessary to pass the title to the purchaser. But that title was simply what the receiver sold. (Kleeber on Judicial & Execution Sales, § 381; Rorer on Judicial Sales [2d ed.], 188.) If appellant's judgment was a lien upon the property in question at the time of the dissolution of the corporation, and was not cut off by the receiver's sale, the fact of the dissolution of the corporation does not prevent the enforcement of the lien by a sale under execution. (*Curran* v. *State of Arkansas*, 15 How. [U. S.] 304.)

*Uriah W. Tompkins* and *C. J. G. Hall* for respondents. The court at Special Term properly exercised its discretion in

withholding leave to issue execution until after an accounting by the receiver and a distribution of all the proceeds in his hands ratably among the creditors of the corporation. (Code Civ. Pro. §§ 1246, 1251, 1369.) As a matter of law the petitioner is not entitled to the relief prayed for. (L. 1884, ch. 285, § 1; *Atty.-Gen.* v. *A. M. Ins. Co.*, 100 N. Y. 279; *Verplank* v. *M. Ins. Co.*, 2 Paige, 438; *Matter of Globe Ins. Co.*, 6 Paige, 102; *Matter of Waterbury*, 8 Paige, 380; *Chapman* v. *Douglas*, 5 Daly, 244; *Atty.-Gen.* v. *G. L. Ins. Co.*, 77 N. Y. 272; *Matter of Berry*, 26 Barb. 55; *Matter of C. J. Co.*, 128 N. Y. 550; *Dickey* v. *Bates*, 35 N. Y. Supp. 525; *Matter of F. L. & F. Mfg. Co.*, 34 N. Y. Supp. 983; *Herrings* v. *E. R. R. Co.*, 105 N. Y. 340; *Decker* v. *Gardner*, 124 N. Y. 334.) The statute and the decree of dissolution contemplate that the sale of the realty shall be free and clear of all judgment liens, unless especially reserved in the decree, and that the receiver shall pay out of the money realized on the sale all judgments existing against such corporation to the extent and value of the real estate on which they are respectively liens. (White on Corporations, 595, § 79, subd. 2; *L. C. Co.* v. *N. L. Co.*, 58 N. Y. Supp. 720; *Matter of S. S. Co.*, 136 N. Y. 176; Code Civ. Pro. § 1793; *Matter of Waterbury*, 8 Paige, 380.) There can be no lien of judgment upon realty unless a judgment exists, and a docket continuing at a time when the record of the court shows that there is no judgment to support and sustain it is notice to no one, and the restoration of a judgment once vacated does not affect *bona fide* transactions entered into during the period the judgment remained vacated and annulled. (*King* v. *Harris*, 34 N. Y. 330; *Curnen* v. *Mayor, etc.*, 79 N. Y. 511; Freeman on Judgments [4th ed.], § 381.)

Bartlett, J. The petitioner prays for leave to issue an execution upon a judgment recovered by him against the Mutual Brewing Company, which is alleged to be a lien upon its real property in Queens county.

The various persons in interest are made parties to this pro-

ceeding. The contestant having the most substantial interest is the grantee of the purchaser of the real estate of the Mutual Brewing Company at the receiver's sale — the Karsh Brewing Company. The receiver, Duffy, while a party to this proceeding and appearing by attorney, makes no affidavit and furnishes no explanation as to the amount or condition of the trust funds in his hands, or why he has failed to account for a period, now, of nearly seven years.

The petitioner previously obtained an order of the Special Term allowing him to issue execution, but the Appellate Division set it aside on the ground that no notice had been given to the party who had acquired title under the receiver's sale, with leave to the petitioner to renew the motion upon proper notice, stating in its opinion as follows : " We do not now undertake to determine whether Denis Coleman's judgment was a lien upon the real property in question at the time of the sale by the receiver." (66 App. Div. 37, 40.) This proceeding was instituted in pursuance of the leave so granted.

The Special Term denied the motion and the Appellate Division, with a divided court, held that the receiver's sale of the real estate, as made, was not subject to the lien of the petitioner's judgment.

The sole question presented by this appeal is as to whether the judgment of the petitioner, in view of the somewhat complicated legal proceedings, to which reference is hereafter made, was a lien on the real estate of the Mutual Brewing Company at the time of the receiver's sale.

On the 13th day of June, 1893, the petitioner recovered a judgment against the Mutual Brewing Company in Albany county for $19,456.96, which was on the same day docketed in said county and the county of Queens. About a week later, on the 19th day of June, 1893, an action in the Supreme Court of Queens county was instituted by one Halpin, a stockholder and officer of the Mutual Brewing Company, against that company, certain of its directors and others, including the petitioner. The complaint alleged, among other things,

that the judgment in favor of the petitioner was obtained through the wrongful and fraudulent acts of the defendant directors of the corporation, and asked that it be vacated and set aside.

The petitioner appeared and answered in that action. The case was tried and judgment entered therein, July 16th, 1895, which adjudged, among other things, that the said judgment was invalid and void, and "is hereby vacated and set aside, and that the clerk of Albany County be and he is hereby directed to mark said judgment vacated, set aside and canceled of record."

Shortly thereafter, and on the 21st of August, 1895, this petitioner procured an order, in substance, that all proceedings for carrying into effect that part of the judgment entered in the Halpin suit, which directed the vacating, setting aside and canceling of record the judgment in question be stayed pending the appeal which had been taken to the General Term, and the clerk of Albany county was restrained and enjoined from canceling of record and from marking as vacated or set aside said judgment pending said appeal and until the determination thereof. At the time this order was made, the dockets of the judgment in Albany and Queens counties had not been marked vacated, set aside or canceled of record, nor have they ever been so marked.

The appeal from the judgment in the Halpin suit was not decided by the Appellate Division until between two and three years later, on the 26th day of January, 1898. The Appellate Division struck out from the judgment of the trial court the entire provision in regard to the judgment in question and inserted in place thereof the following, being subdivision VIII: "That the agreement entered into between the defendant, The Mutual Brewing Company and Denis Coleman on the 25th day of March, 1893, and the note for the sum of $19,300.00, dated May 1st, 1893, given in pursuance thereof, are both and each invalid and void; but as there has been delivered under said agreement hogsheads, harness and trucks of the maximum value, as found by the trial

court, of $5,175.00, the judgment entered upon said note in favor of the defendant, Denis Coleman, against The Mutual Brewing Company, on the 13th day of June, 1893, for the sum of $19,456.96, with the clerk of Albany county, be and the same is hereby *reduced* to the sum of $5,175.00, and the clerk of Albany county be and he is hereby directed to reduce said judgment to such sum and correct the record thereof accordingly, and said judgment as *so reduced* be and the same is hereby *permitted to stand* as a valid judgment against The Mutual Brewing Company for such amount."

After this appeal had been taken by the petitioner from the Halpin judgment, and after the Special Term had permitted the dockets of said judgment to stand pending the determination of the appeal, and on the 21st day of December, 1895, an action by the People was instituted against the Mutual Brewing Company for its dissolution on the ground of insolvency, wherein an order was issued on the same day appointing one Duffy as temporary receiver. This order contained the usual provisions, among others, restraining judgment creditors from issuing executions.

On May 16th, 1896, a final judgment was entered dissolving the corporation and appointing as permanent receiver Duffy the temporary receiver. This final judgment contained a clause stating certain liens subject to which the real estate and other property should be sold by the receiver. These liens were a mortgage for fifty thousand dollars held by one Marshall; also another mortgage upon the real estate for the sum of $28,753.83; also a chattel mortgage and two judgments, described in detail, as liens upon the personal property, executions having been levied.

On June 22nd, 1896, the receiver's sale took place, subject to a notice of sale then read to the bidders assembled. This notice, except the description of the property to be sold, was, in substance, as follows: That in pursuance of the judgment dissolving the Mutual Brewing Company, the appointment of a permanent receiver thereof and directing that all the property and assets of the company be sold as therein pro-

vided, the receiver would sell at public auction on the day mentioned all the property and assets of the Mutual Brewing Company and of Edward Duffy, as receiver of that company appointed in the action of Paul Halpin against the Mutual Brewing Company.

Before the sale took place and in the presence and hearing of the bidders assembled, the petitioner herein read a notice to the effect that he was a judgment creditor of the brewing company to the amount of $27,508.90 and interest from June 13th, 1893, by virtue of two judgments recovered by him that day in the Supreme Court of Albany county; that the transcripts of said judgments were filed in the office of the county clerk of Queens county, June 13th, 1893; and that said judgments were still of record in said county clerk's office and liens upon all the real estate of the Mutual Brewing Company situated in Queens county, and subject only to a lien of a mortgage for fifty thousand dollars held by Cornelia Marshall and covering a portion of the real estate of said company, and a mortgage made by John W. Dobler, as trustee, covering a portion of the real estate of said company.

He also gave notice that he had appealed from the judgment entered July 16th, 1895, in the action brought by Paul Halpin against the Mutual Brewing Company and others, wherein the said judgments in his favor were declared invalid and that said appeal was pending and undetermined; that any person purchasing any real estate of the said the Mutual Brewing Company situated in said county of Queens upon this sale would purchase and take title to the same subject to the liens of said judgments.

It may be stated, by way of explanation, that on the same day the petitioner recovered his judgment for $19,456.96 in Albany county he also recovered another judgment against the brewing company for $8,000.00, which is not involved in this proceeding.

After the reading of this notice by the petitioner the sale took place and the property was bid in by one George Karsh for the sum of $250.00; he afterwards received the receiver's

conveyance and transferred the property to the Karsh Brewing Company, the corporation responding to this appeal.

It is very clear that, from the 13th day of June, 1893, when the petitioner recovered his judgment for $19,456.96 against the Mutual Brewing Company, it remained a lien for that amount down to the 26th day of January, 1898, when the judgment was filed, wherein the Appellate Division reduced the amount thereof, as already stated.

The language of the Appellate Division is significant and fully sustains the contention of the appellant that this lien existed as above stated. The Appellate Division decreed that the amount of the judgment in question "is hereby *reduced* to the sum of $5,175.00, and the clerk of Albany County be and he is hereby directed to reduce said judgment to such amount and correct the record thereof accordingly, and said judgment *as so reduced* be, and the same hereby *is, permitted to stand*, as a valid judgment against the Mutual Brewing Company for such amount."

In considering the effect upon the petitioner's rights by the receiver's sale it must, therefore, be assumed that at the time the suit was instituted by the People to dissolve the Mutual Brewing Company on the ground of its insolvency and during all the proceedings in that action, the judgment in question was a lien upon the real estate of said company, a portion of the time for the full amount and later for the reduced amount. (*Matter of Waterbury*, 8 Paige, 380 ; *Chautauque County Bank* v. *Risley*, 19 N. Y. 369 ; *King* v. *Harris*, 34 N. Y. 330.)

The position of the respondent is that the statute and the decree of dissolution contemplate that the sale of the realty shall be free and clear of all judgment liens unless specially reserved in the decree and that the receiver shall pay out of the money realized on the sale the judgments existing against the corporation to the extent and value of the real estate on which they are respectively liens.

The general rule is that a receiver in proceedings to dissolve a corporation is not entitled to the rights of a *bona fide*

purchaser, as he gets no better title than the party he repre-
sents.    (Beach on Receivers, § 223.)

The fact that the final decree orders a sale subject to cer-
tain liens does not have the effect of divesting the liens of
existing judgments not referred to therein, and, until any
particular judgment is satisfied from the moneys in the hands
of the receiver, it is the right of the owner of the judgment to
proceed to execution and sell subject to the order of the court.

"As in case of other judicial sales, there is no warranty of
title, express or implied, and the purchaser takes only the title
which the corporation had, and he takes this title subject to
any paramount liens or equities subsisting against the prop-
erty." (5 Thompson's Commentaries on the Law of Corpo-
rations, § 7013.)

It has long been the settled law of this state that the juris-
diction of chancery does not extend to the sequestration of the
property of the corporation by means of a receiver. (*Attor-
ney-General* v. *Utica Insurance Co.*, 2 Johns. Ch. 371;
*Attorney-General* v. *Bank of Niagara*, Hopkins, 354; *U. S.
Trust Co.* v. *N. Y., W. S. & B. Ry. Co.*, 101 N. Y. 478; *Mat-
ter of Binghamton General Electric Co.*, 143 N. Y. 261, 263.)

The proceedings to dissolve a corporation, either voluntary
or involuntary, rest wholly upon the provisions of the statute.
There is no statutory authority permitting a receiver, in an
action brought by the People to dissolve a corporation on the
ground of insolvency, to sell the real estate subject to certain
liens, referred to in the final decree, and disregard others that
are valid and existing.

The powers of receivers have been re-enacted in the Gen-
eral Corporation Law, being chapter 35 of the General Laws.
This revision of the statutory law of the state on the subject
now under consideration did not repeal certain sections of the
Revised Statutes, which were continued and made applicable
to receivers in dissolution proceedings.    These provisions of
the General Corporation Law and the old Revised Statutes
are as follows: "Such receivers shall be vested with all the
estate, real and personal, of such corporation from the time of

their having filed the security hereinbefore required, and shall be trustees of such estate for the benefit of the creditors of such corporation and of its stockholders." (Section 115 of the General Corporation Law; Vol. 1, Birdseye's R. S. [3d ed.] p. 758; section 67, 2 R. S. 469.)

"Such receivers shall have all the power and authority conferred by law upon trustees to whom an assignment of the estate of insolvent debtors may be made, pursuant to the provisions of the fifth chapter of the second part of the Revised Statutes." (Section 116 of the General Corporation Law; 2 R. S. 469, § 68.) This fifth chapter has been repealed except article eighth, which is entitled, " Of the powers, duties and obligations of trustees herein under this title," which referred to the trustees, among others, of insolvent debtors.

The powers of trustees and assignees under the above article eighth (2 R. S. 41, § 7) are set forth in a section containing nine subdivisions. Subdivisions four and seven read:

"4. From time to time, to sell at public auction, all the estate, real and personal, vested in them, which shall come to their hands, after giving at least fourteen days' public notice of the time and place of sale, and also publishing the same for two weeks in a newspaper, printed in the county, where the sale shall be made, if there be one."

"7. To redeem all mortgages and conditional contracts and all pledges of personal property, and to satisfy any judgments, which may be an incumbrance on any property so sold by them; or to sell such property subject to such mortgages, contracts, pledges or judgments." (See, also, Birdseye's R. S. [3d ed.] vol. 3, p. 3867, § 48, subds. 4 and 7.)

It thus appears that a receiver is a trustee for the benefit of the creditors of the corporation as well as its stockholders, and that he is to redeem mortgages and pledges and satisfy any judgment which may be an incumbrance upon the property so sold by him, or to sell such property subject to mortgages, contracts, pledges or judgments.

In the case at bar the receiver failed to follow either course marked out by the statute; he sold the real estate of the cor-

poration for the nominal consideration of $250.00, subject to certain liens referred to in the final decree, on June 22nd, 1896, without mentioning the lien of defendant's judgment, and has failed in this proceeding, although appearing by counsel, to make any affidavit as to the condition of the trust funds in his hands, or to give any reason why he has not accounted for a period, now, of nearly seven years.

The provisions of the Code of Civil Procedure, permitting the sale of lands in partition free of all liens, are not applicable to the dissolution of corporations on the ground of insolvency.

The petitioner is entitled to an order permitting him to issue execution upon the judgment in question, reduced to $5,175.00 and interest, and to sell thereunder the real property of the Mutual Brewing Company, on which it was a lien at the time of the sale thereof. Also to have such other or further relief as prayed for in his petition herein necessary to accomplish this result.

The learned Appellate Division has certified to us three questions : (1) " Did the purchaser at the sale made by the receiver of The Mutual Brewing Company, June 22nd, 1896, take the title to the real property purchased by him, subject to the lien of the judgment originally for $19,456.96, subsequently reduced to $5,175.00, in favor of Denis Coleman and against The Mutual Brewing Company, filed and docketed in Albany county June 13th, 1893, and docketed in Queens county on the same day ? "

We answer this question in the affirmative, and it, therefore, becomes unnecessary to consider the second question.

The third question reads : " Is Denis Coleman entitled to issue execution upon the said judgment recovered by him against The Mutual Brewing Company, June 13th, 1893, and to sell thereunder the real property described in the petition herein ? "

We answer this question in the affirmative.

The order appealed from should be reversed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Order reversed.