(85 App. Div. 130.)

DONOVAN v. TWIST et al.

(Supreme Court, Appellate Division, Third Department.   June 30, 1903.)

1. MORTGAGE—TITLE IN ANOTHER — AFTER-ACQUIRED TITLE — MORTGAGOR'S
   SUBSEQUENT GRANTEE.
        A mortgage without covenants of seisin or warranty, executed before
        the mortgagor obtained title to the property, and containing no state-
        ment estopping him from setting up a subsequently acquired title, is
        inoperative against his subsequent grantee.

Appeal from Trial Term, Tompkins County.

Action by John Donovan against Salem Twist and others.   Judg-
ment for plaintiff, and defendant Twist appeals.   Reversed.

This action is brought to foreclose a mortgage given by William W. Smith
upon the 23d day of March, 1882, to plaintiff, to secure a bond, wherein said
mortgagor became bound to pay to the plaintiff the sum of $250.   This
mortgage was recorded in the Tompkins county clerk's office on the 24th
day of March, 1882.   At the time of the giving of this mortgage, the said
William W. Smith had no title to the property.   Upon the 27th day of March,
1882, however, he received a deed of the property from one William N.
Noble, which deed was recorded upon the said 27th day of March.   Thereafter
the said William W. Smith died, and upon the 7th day of December, 1901,
the defendant Salem Twist received a conveyance of the property from the
only heir at law of William W. Smith.   This conveyance was received for
a valuable consideration, and without actual notice of the plaintiff's claim.
The trial court, after having found these facts, found, as a conclusion of law,
that the defendant Twist took the premises subject to the lien of the plain-
tiff's mortgage, and judgment was directed for a sale of the premises to pay
said mortgage.   From this judgment the defendant Twist has appealed.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

James L. Baker, for appellant.
Tompkins, Cobb & Cobb, for respondent.

SMITH, J.   The mortgage sought to be foreclosed was given by
the mortgagor before he had acquired title to the premises described
therein, and without any covenant of seisin or warranty.   The rule
of law is, I think, clearly established, that such a mortgage has no
greater effect than a quitclaim deed, and is not operative upon a title
subsequently acquired.   Jackson v. Littell, 56 N. Y. 108;  Sparrow
v. Kingman, 1 N. Y. 256;  McCrackin v. Wright, 14 Johns. 193;
Jackson v. Hubble, 1 Cow. 613.   It may be that, if this mortgage had
contained a warranty of title or covenants of seisin, its record would
have been constructive notice to the defendant, although its date of
record was prior to the date of the deed to the mortgagor.   See
Tefft v. Munson, 57 N. Y. 97.   In the cases cited upon the re-
spondent's brief, the mortgages held valid as liens upon property
subsequently acquired were all mortgages in which there was either
a warranty or covenant by reason of which the mortgagor and his
privies were estopped from denying the title which he had covenanted
he possessed.   In this mortgage, however, there is no covenant either
of seisin or of warranty, and no statement by which the mortgagor

¶ 1. See Estoppel, vol. 19, Cent. Dig. §§ 99, 108.

can be estopped from claiming that his title was subsequently acquired; and therefore no estoppel can be urged against this defendant grantee, who took at least the rights which the mortgagor had at the time of his grant. The judgment should therefore be reversed.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event. All concur.