JOHN DONOVAN, Appellant, v. SALEM TWIST, Respondent, Impleaded with WILLIAM O. ESSEX and CAROLINE SMITH ESSEX, Defendants.

*Mortgage without covenants, executed and recorded before the mortgagor acquires title — it is not enforcible against a bona fide purchaser for value — the fact that the mortgagor was in possession, and that it was a purchase-money mortgage, is immaterial — what proof of absence from home does not establish death — a plea in abatement is necessary to sustain an objection of defect of parties — the court may direct that a necessary party be brought into the action.*

A mortgage containing no covenants of seizin or warranty, executed and recorded before the mortgagor acquires title to the premises described therein, has no greater effect than a quitclaim deed and is not enforcible against the premises in the hands of a person who has purchased them for value from the mortgagor's heirs at law without actual notice of the existence of the mortgage.

The fact that the mortgage was a purchase-money mortgage, and that at the time it was executed the mortgagor was in possession of the premises, although not under a claim of right, does not change the situation.

The mere fact that a man, who had left his home in Ithaca, had not returned or communicated with his wife and children for a period of sixteen years, is not sufficient evidence to establish his death, where it is shown that at one time during his absence he was employed as a cook upon a steamer plying the great lakes, and that at another time he was living with another woman in Watertown.

A defendant in an action brought to foreclose a mortgage is not entitled to have the complaint therein dismissed, upon the ground that the owner of the premises is living and has not been made a party, unless he has interposed that objection by a plea in abatement.

If the defendant has not interposed such a plea it is the duty of the court, if the plaintiff claims that the owner of the equity of redemption is still living, to direct that he be made a party to the action.

APPEAL by the plaintiff, John Donovan, from a judgment of the County Court of Tompkins county in favor of the defendant Salem Twist, entered in the office of the clerk of the county of Tompkins on the 20th day of January, 1904, upon the decision of the court, rendered after a trial at the Tompkins County Court, dismissing the complaint as to the said defendant Salem Twist.

The action is for the foreclosure of a mortgage given by one William W. Smith to the plaintiff, bearing date March 23, 1882, for the sum of $250, payable two years from date, to secure a part of the purchase price of the premises described. The plaintiff's mortgage was recorded March 24, 1882, in the Tompkins county clerk's

office.   The defendant Salem Twist is in possession of the premises, claiming to hold the same by virtue of a warranty deed executed and delivered to him by Caroline Smith Essex and William O. Essex, her husband, upon December 4, 1901.   This deed was thereafter duly recorded.   Although the mortgage to plaintiff was dated March 23 and recorded March 24, 1882, the mortgagor did not receive title to the premises until March 27, 1882.   Prior to the purchase by defendant Twist, a search was made of this property.   The search was made back to the date of the deed to William W. Smith.   This search did not disclose the plaintiff's mortgage and Twist had no actual knowledge of the existence of plaintiff's claim.   After plaintiff and defendant had both concluded their evidence the trial judge dismissed the plaintiff's complaint.   From the judgment entered upon this order of dismissal the plaintiff here appeals.

*Myron N. Tompkins,* for the appellant.

*James L. Baker,* for the respondent.

SMITH, J. :

When this case was here upon a former appeal we held that a mortgage containing no covenants of seizin or warranty, executed and recorded before the mortgagor had acquired title to the premises described therein, has no greater effect than a quitclaim deed, and is not enforcible against the premises in the hands of a person who purchased them for value from the mortgagor's heir at law without actual notice of the existence of the mortgage.   (85 App. Div. 130.)   Upon the record then presented there was no evidence of any facts which would estop the mortgagor himself, in defending a foreclosure of the mortgage, from claiming that the mortgage was ineffective as against his title subsequently acquired, or of any facts which would give to plaintiff an equitable lien upon the premises. Upon this trial evidence has been offered to the effect that the moneys for which the mortgage was given were applied to the purchase price of the premises and in payment of a judgment which was then a lien upon the premises; and, furthermore, that at the time of the giving of the mortgage, William W. Smith and his wife were in fact in possession of the premises.   Their possession at that time, however, was under no claim of right.   Their only claim of

title or right to the premises is through the purchase made upon the twenty-seventh day of March following the giving of the mortgage.

Without any title, legal or equitable, to the land which purported to be mortgaged, the mortgage when executed conveyed nothing. Its record was of no effect as constructive notice to any subsequent purchaser. It contained no covenants of seizin or warranty by which the mortgagor himself would be estopped and which could avail the mortgagee as against the defendant as a privy under the mortgagor under the authority of *Tefft* v. *Munson* (57 N. Y. 97). (See, also, *Oliphant* v. *Burns*, 146 N. Y. 233.) The mortgagor had at the time of the giving of the mortgage no interest in the property which could be the subject of a mortgage within the case of *Crane* v. *Turner* (7 Hun, 357). The giving of the mortgage, therefore, had no greater effect than a promise to give the mortgage upon the property when acquired which would create an equitable lien. This equitable lien, however, must yield to the superior legal right of one thereafter purchasing from the owner without notice thereof and for a valuable consideration.

But the plaintiff insists that the defendant Twist has not shown that he was a purchaser in good faith from the real owner of the property. The defendant's title was obtained from Caroline Smith Essex, a daughter of William W. Smith, and who, if William W. Smith were dead intestate at the time of the giving of the deed, could, as the sole heir of William W. Smith, give the defendant a good title. The plaintiff claims that the death of William W. Smith has not been proven, and, therefore, the property is not shown to have been the property of Caroline Smith Essex, the defendant's grantor. There is grave doubt if adequate proof has been given of the death of William W. Smith. He is shown to have left Ithaca and left his wife and children somewhere from sixteen to twenty-two years before the trial. He is shown thereafter to have been living with another woman in Watertown. When he last left Ithaca, about sixteen years before the trial, he went to Buffalo for the purpose of getting work, and from hearsay evidence was shown to have been employed as a cook upon one of the steamers plying to and from Buffalo upon the lakes. While there is some hearsay evidence from members of his family

THIRD DEPARTMENT, MAY, 1905.          [Vol. 105.

that he was dead, that evidence is based entirely upon two facts, *first,* that he had not been heard from by his family in Ithaca during that time; *secondly,* that his granddaughter had received word from one Rankin, who lived in Buffalo, to the effect that her grandfather was dead. Rankin is living and his whereabouts known to this granddaughter. The court, therefore, properly struck out any evidence of any information of the death of William W. Smith derived from him. His failure to return to Ithaca or to send word to his family there, in view of the fact that after leaving Ithaca he was living with another woman, is not sufficient evidence to raise a presumption of his death. For several years before he went to Buffalo he had given up Ithaca as his home. Without investigation or inquiry at Buffalo, to which place he went to find work, the evidence of his failure to come or send word to Ithaca is hardly sufficient to establish the fact of his death. The rule is well stated in *Keller* v. *Stuck* (4 Redf. 294). The head note in part reads : " No presumption of a person's death arises from the fact that such person, having abandoned his original place of residence in this State, for the purpose of acquiring a new residence in some other State, has not been heard of for more than seven years at his original place of residence. The absence, without being heard from for seven years, which will warrant the presumption that a person is dead, means absence from that person's place of residence, his home, with which place he would most certainly keep up some kind of communication, or to which he would return, if alive." In *Matter of Miller* (30 N. Y. St. Repr. 212) the presumption of death was held not to arise from mere absence, without communication, of illiterate persons of dissolute habits.

But the plaintiff must take one horn of the dilemma or the other. If Smith be not dead he is the owner of the equity of redemption of this property and, therefore, a necessary party to the foreclosure of this mortgage. It seems clear that the plaintiff cannot have a judgment without either alleging his death or making him a party defendant, and without so amending his complaint as to show his equity. The judgment, however, dismissing the complaint cannot stand upon this ground inasmuch as the defendant offered no plea in abatement by reason of the failure to make him a party. Without objection by the defendant, however, the court has the right,

and it is its duty, if the plaintiff claims that he is still living, to direct that he be brought in and made a party to the action.

This judgment, therefore, must be reversed, and a new trial granted, with the costs of appeal to the appellant to abide the event.

All concurred; PARKER, P. J., not voting.

Judgment reversed on the law and the facts and new trial granted, with costs of appeal to appellant to abide the event.