Rosalynde A. de Lima Mayer, Appellant, *v.* Mary A. Burr and Others, Respondents.

First Department, July 13, 1909.

Mortgage — effect of instrument not containing covenants of title — lien of two simultaneous purchase-money mortgages covering entire interest of mortgagor — when lien of junior mortgage not affected by foreclosure of prior mortgage — erroneous judgment — corporation — prior liens not cut off by receiver's deed.

Where a mortgage contains no covenants of title or warranty it covers only such interest as the mortgagor had when it was given.

Where two persons each owning an undivided one-fourth interest in lands con-

veyed their respective interests to the same grantee, who gave back to each of them a purchase-money mortgage covering all the right, title and interest of the grantee in the premises conveyed, and both deeds and both mortgages were dated the same day and recorded at the same time, the mortgages were each a lien upon the undivided one-half of the property acquired by the mortgagor.

Where one of such mortgages has been paid the lien of the other covers the whole of the undivided half owned by the mortgagor, and is not restricted to the undivided one-fourth owned by the grantor at the time of the conveyance.

Although a junior mortgagee is made party defendant to an action to foreclose a prior mortgage covering only one-half of the property, its lien upon the remaining one-half is not cut off by reason of the fact that it did not protest against an erroneous judgment which directed the sale of the entire premises even if it had notice of the terms of sale.

Where on the sale of the real property of an insolvent corporation the notice of sale and the deed given thereon purport to convey only the "right, title and interest of the receivers * * * subject, however, to all mortgages, liens and incumbrances thereon," the lien of prior mortgages is not cut off.

APPEAL by the plaintiff, Rosalynde A. de Lima Mayer, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of August, 1906, confirming the report of a referee and directing the distribution of surplus moneys.

*Louis Marshall* and *Abraham Benedict*, for the appellant.

*Bronson Winthrop*, for the respondent Morton Trust Company, as trustee.

McLAUGHLIN, J.:

This action was brought for the foreclosure of a mortgage upon certain real estate in the city of New York known as Nos. 232–234 West Eighteenth street. The mortgage was given in 1882 to the Emigrant Industrial Savings Bank and subsequently assigned to the plaintiff. Upon the sale of the premises a surplus of nearly $13,500 was realized. Several parties claimed to have liens on such sum and a referee was appointed to ascertain the amounts and priority thereof. He reported that after the payment of certain expenses three-fourths of the balance should be paid to the respondent Morton Trust Company, as trustee, and one-fourth to the plaintiff, $353.18 with interest from July 25, 1902, to be first paid from the plaintiff's share to R. & A. C. Weil, attorneys, whose right thereto

is not contested. The plaintiff appeals from an order confirming his report and directing a distribution in accordance therewith.

It appears that subsequent to the giving of the mortgage foreclosed the premises were devised to the four children of one Sommer. On the 12th of March, 1889, two of these children, Emma J. and Sebastian, conveyed their respective undivided one-fourth interests therein to the same grantees, Moser & Heidenheimer, who gave back to each of them a purchase-money mortgage for $20,000, covering all the right, title and interest of the grantees in the premises conveyed. Both deeds and both mortgages were dated the same day and all four were subsequently recorded at the same time. Moser & Heidenheimer, prior to such conveyances, had no interest in the property, but they thereafter acquired an additional one-fourth interest. The mortgage given to Emma J. was subsequently paid, but the one given to Sebastian was not paid and was foreclosed by his executrix in 1898, as appears later, and one of the principal questions presented on the appeal is what interest in the property was covered by this mortgage.

In February, 1894, title to the entire premises had become vested in the Bavarian-Star Brewing Company and to secure an issue of its bonds it mortgaged all its property, including the premises in question, to the State Trust Company, now the respondent Morton Trust Company, as trustee, for $900,000. The brewing company was thereafter dissolved and its property sold pursuant to an order of the court. The premises in question, together with other property, were conveyed to the purchaser, plaintiff's husband, by deed dated March 27, 1897, and he immediately conveyed the same to the Colonial Brewing Company. In May, 1897, the action to foreclose the mortgage given by Moser & Heidenheimer to Sebastian Sommer was commenced. The lien of this mortgage was superior to the lien of the trust company mortgage and the trust company was made a party defendant to the action. The action resulted in a judgment of foreclosure and sale and the decree directed the sale, not of the mortgagors' interest, but of the entire premises. The sale took place on the 15th of July, 1898, and the premises were purchased by the plaintiff, who received a deed which purported to convey the entire premises to her. She immediately conveyed the same to the Colonial Brewing Company, taking back a purchase-money

mortgage for $12,000. This mortgage was subsequently foreclosed, a decree having been entered on the 25th of July, 1902. The amount due was something over $10,000, but a sale of the property was stayed, the Colonial Brewing Company being in bankruptcy, and it is under this decree that the plaintiff claims the surplus which has been realized in the present action.

It must be conceded that whatever interest the plaintiff purchased on the foreclosure of the Sommer mortgage, she conveyed to the Colonial Brewing Company and the purchase-money mortgage which the Colonial Brewing Company gave to her was free from any lien of the trust company's mortgage, and to that extent she has a right superior to it to the surplus in question. This interest the learned referee found to be an undivided one-fourth, but I am of the opinion that he erred in reaching that conclusion. The mortgage contained no covenants of title or warranty and consequently covered only the interest which Moser & Heidenheimer had when it was given. (*Jackson* v. *Littell*, 56 N. Y. 108; *Nat. Fire Ins. Co.* v. *McKay*, 5 Abb. Pr. [N. S.] 445; *Donovan* v. *Twist*, 85 App. Div. 130.) Moser & Heidenheimer acquired from Emma J. and Sebastian Sommer an undivided one-half interest in the property. The deeds and mortgages were given at the same time and constituted a single transaction. It must be assumed that title was conveyed to them before the mortgages were given and there being no priority between the deeds, it follows that the right, title and interest covered by the mortgages was an undivided half. It is true they were purchase-money mortgages and that each grantor had conveyed only a one-fourth interest, but unless one deed was given prior to the other — which plainly was not the case — the mortgages were each a lien upon an undivided half. The mortgage to Emma J., as we have seen, was paid. The one to Sebastian was not and I am of the opinion that it clearly attached to the half. The mortgage contains the statements that the mortgaged premises were "part of the same property this day conveyed" by Sommer to Moser & Heidenheimer, and "this mortgage being given to secure a part of the purchase price thereof." These statements, as appears from the referee's opinion, seem to have influenced him in reaching the conclusion that the mortgage covered only one-fourth, but he overlooked the fact that Sommer, by the same deed, conveyed not only his interest in the two lots in

question, Nos. 232-234, but Nos. 221, 223, 225 and 227 as well, so that these statements have no real significance when applied to the whole subject of the grant. The mortgaged premises, whether a fourth or a half, were " part of the same property this day conveyed " and the mortgage was " to secure a part of the purchase price thereof."

The appellant further claims that since the judgment directed the sale of the entire premises and the trust company was a party to the action, the lien of its mortgage upon the remaining one-half was thereby foreclosed. It is true it had notice of the terms of sale, and it is also claimed that by its failure to protest or take measures to have the same corrected it is now estopped from asserting its lien. This conclusion, however, does not follow. The mortgage covered only a half interest in the property, and as to such interest, concededly it was superior to the lien of the trust company mortgage. The trust company had no defense to the action to foreclose the mortgage on that interest and I do not think it was under any obligation to protest because the judgment directed a sale of more than the mortgagors' interest. It has been held that a prior incumbrancer's lien is not cut off by such a judgment. (*Emigrant Industrial Savings Bank* v. *Goldman*, 75 N. Y. 127; *Smith* v. *Roberts*, 91 id. 470; *Jacobie* v. *Mickle*, 144 id. 237; *Stillwell* v. *Hart*, 40 App. Div. 112.)

It is further claimed on the part of the appellant that the lien acquired by the trust company mortgage was destroyed by the sale made to the plaintiff's husband by the receivers in the dissolution proceedings of the Bavarian-Star Brewing Company. He conveyed whatever interest he acquired at that sale to the Colonial Brewing Company prior to the purchase-money mortgage given by it to the plaintiff and the contention is that by reason of that fact the purchase-money mortgage given by the Colonial Brewing Company covered the entire premises and, therefore, entitles the plaintiff to the entire surplus. The claim thus made is principally based upon the fact that the property of the Bavarian-Star Brewing Company, which was sold upon its voluntary dissolution, included the premises in question and that such property was sold free and clear from the lien of the trust company mortgage and it was thereby deprived of any interest which it theretofore had. There is, in fact, no

foundation so far as I can discover for this claim. None of the papers in the proceeding by which the sale was brought about indicate that the real property of the brewing company was sold free from all liens and incumbrances. It was only certain personal property that was so sold and the terms of sale show that only the " right, title and interest of the receivers " in the real property was offered for sale. The report of sale indicates the same thing, while the deed given in pursuance of the sale purports to convey only " all the right, title and interest of the receivers and of the Bavarian-Star Brewing Company " and that the conveyance is " subject, however, to all mortgages, liens and incumbrances thereon." There were then several mortgages which were liens upon the premises here under consideration, viz., the one to the Emigrant Industrial Savings Bank, the one to Sebastian Sommer, the one to the State Trust Company — also others — and it seems to me clear that it was never intended to sell the premises freed from the lien of these mortgages, or any of them, and if it was the court had no power to direct such sale. One holding a valid lien upon real property cannot be deprived of it without his consent, and all the power which the court has with reference to directing a sale on the dissolution of a corporation is to order all the right, title and interest of the corporation or the receivers sold. (*Matter of Coleman,* 174 N. Y. 373; *People* v. *N. Y. Building-Loan Banking Co.,* 189 id. 233.)

If the foregoing views be correct, then it follows the order appealed from should be modified so as to direct that after the expenses of the proceeding are paid, one-half of the balance should be paid to the Morton Trust Company as trustee, and the other half — after the payment to R. & A. C. Weil of the amount due them — paid to the plaintiff, and as thus modified the same is affirmed, without costs to either party.

INGRAHAM, LAUGHLIN, CLARKE and HOUGHTON, JJ., concurred.

Order, modified as directed in opinion and as modified affirmed, without costs. Settle order on notice.