## COLEMAN v. McCLENAHAN.

(Supreme Court, Appellate Division, Second Department. February 2, 1912.)

CONTRACTS (§ 280*)—PERFORMANCE—SUFFICIENCY.

　　Under a contract by defendant to pay plaintiff one-half of any recovery had on a judgment held by defendant, on information furnished by plaintiff, plaintiff is entitled to the compensation where, on information furnished by him, execution issued on the judgment, and defendant bid off the property levied on, and the judgment was satisfied of record, though defendant's rights as purchaser were subsequently lost by foreclosure of a mortgage superior to the judgment against the property levied on.

　　[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 280.*]

　　Woodward, J., dissenting.

Appeal from Special Term, Kings County.

Action by Matthew Coleman against James McClenahan. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, WOODWARD, and RICH, JJ.

John A. Dutton, for appellant.
Thomas J. Farrell, for respondent.

RICH, J. This appeal is from a judgment dismissing plaintiff's complaint upon the merits at the close of the evidence, and upon the request of both parties for a direction of a verdict. The action is upon a written contract, by the terms of which the defendant undertook and agreed to pay to the plaintiff one-half of the amount recovered by the estate of David Stevenson, of which the defendant was an executor, upon a judgment owned by said estate against the Mutual Brewing Company, providing such recovery was the result of facts and information furnished by the plaintiff to the attorney for said estate. At the time this contract was made there were outstanding and unsatisfied judgments against the Mutual Brewing Company aggregating several thousand dollars, which were liens upon real property of the judgment debtor. The first was owned by Denis Coleman, a brother of the plaintiff. The second judgment in priority was in favor of the defendant and his coexecutor for $2,744.07. The last judgment was recovered on or about July 26th following. Thereafter the Brewing Company became insolvent, and was dissolved in an action brought by the Attorney General for that purpose, and a receiver was appointed, who sold all of its property, including that upon which the judgments were liens. It was assumed by the judgment creditors (except Coleman) that this sale cut off the judgment liens. Coleman, however, commenced a proceeding to test the lien of his judgment, and the Court of Appeals, in April, 1903, sustained his contention that the receiver's sale was subject to the judgment liens. Matter of Coleman, 174 N. Y. 373, 66 N. E. 983. Immediately thereafter the plaintiff entered into an agreement to furnish information

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on which a recovery of the money unpaid on said judgment might be made, as follows:

"Estate of David Stevenson.     Office, 521 10th Avenue.

"New York, May 25, 1903.

"Telephone No. 353-38.

"Mr. Matthew Coleman, 71 First Place, Brooklyn, N. Y.—Dear Sir: The estate of David Stevenson having a judgment for $2,744.07, entered June 13, 1893, against the Mutual Brewing Co., and you having stated to me that you thought you could recover some part or all of said judgment, with interest, I hereby agree to give you 50 per cent. of amount recovered; you to furnish the facts and such information to our counsel, Wm. G. McCrea, without cost to above estate.

"Yours Respty.,                         James McClenahan, Ex."

The plaintiff thereupon informed the defendant and Mr. McCrea of the Court of Appeals decision, which, as he understood it, made the judgment good. McCrea thereupon proceeded to act upon the information. He procured a modification of the existing injunction restraining the creditors from proceeding against the Brewing Company, issued execution upon the judgment, and placed it in the hands of the sheriff before the day upon which the sale of the realty under the Coleman judgment was advertised. Two sheriff's sales were made, one under the execution issued on the Coleman judgment, at which the property was bid off by McCrea for $24,000, which was advanced by the defendant. The money was paid to the sheriff, who executed and delivered a certificate of such sale to McCrea, who immediately assigned the same to the defendant. This sale included the Stevenson judgment. At the other sale, made under executions issued on other judgments, the property was bid off by the defendant for $4,400, and the money paid by him to the sheriff, who executed and delivered a certificate of such sale to the defendant. Out of the money realized on the first sale the sheriff paid to McCrea, as attorney for the Stevenson executors, the full amount of the Stevenson judgment, and the attorney paid the same to the defendant, who received it as one of the executors. The execution was thereupon returned fully satisfied, and the judgment was satisfied of record. Before the time to redeem had expired, a mortgage on the property, which was a prior lien to that of the judgments, was foreclosed, the property sold, and the judgment liens, as well as the rights in the property of the defendant under his certificates, cut off and extinguished. Upon these facts the learned trial justice held that the Stevenson judgment was not recovered, nor any part thereof collected, by or in behalf of said estate, within the intent or meaning of the contract between the parties, and upon that ground dismissed the complaint.

In this conclusion I think the trial court erred. The test is whether there was a recovery, within the meaning of that word in the contract, by the Stevenson estate, and not whether the defendant profited or lost through his advancement of the money and speculative purchase of the property. It is undisputed that the property upon which the judgment was a lien was sold to the defendant and paid for by him, and that out of the avails the Stevenson judgment was paid in

full. The contract is plain and unequivocal. The full amount of the Stevenson judgment was actually received and retained by the executors of that estate, and the judgment satisfied and extinguished. This was accomplished through the information imparted by plaintiff and his attorneys to the defendant and the attorney of the Stevenson executors, in the performance of the contract. The defendant knew of the existence of the mortgage, subsequently foreclosed, when he purchased the property at the sheriff's sales. The property sold was a brewing plant. The defendant was the president of a large plant of the same kind and character, and was conversant with the value of that kind of property. He considered its value considerably greater than the mortgage debt, and testified that his object in purchasing was that Mr. Coleman and himself might make something out of the judgments. He might have protected himself at the foreclosure sale by bidding the property in. He did not see fit to do this, however, and the fault, if there was any, was his own.

I am unable to see that the rights of the plaintiff under his contract was in any manner affected by the mortgage foreclosure or sale thereunder, and it follows that the judgment must be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and HIRSCHBERG and THOMAS, JJ., concur. WOODWARD, J., dissents, on the opinion of Mr. Justice Scudder at Special Term.