ETTA E. GARDNER, Plaintiff, *v.* NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Delaware County, August 20, 1934.

*Arthur F. Curtis*, for the plaintiff.

*Hamilton J. Hewitt*, for the defendant.

MCNAUGHT, J. The motion involves solely the question of whether the cause of action alleged in the complaint upon the face thereof and the facts submitted to the court by the moving papers is barred by the Statute of Limitations.

The facts disclosed by the moving papers and stated upon the argument are undisputed.

December 20, 1918, the defendant issued to one Harry W. Gardner a twenty-payment life policy, No. 1294421, for the sum of $1,000, loss thereunder payable to the plaintiff herein, Etta E.

Gardner, the wife of the insured. January 20, 1919, the defendant likewise issued its five-year term policy, No. 1299922, for a like sum and payable to the same beneficiary.

In June, 1919, the exact date not appearing from the moving papers, the insured left his home at Rockdale in Chenango county, stating that he was going to a dance. The same night a young woman residing in the same community likewise left home. Neither party was ever seen or heard from thereafter. January 3, 1933, hunters discovered a human skull while hunting in or near what is known as Michigan swamp in the county of Chenango, in the vicinity of Mt. Upton. Further investigation by the authorities resulted in the finding of two skeletons which were thereafter identified as those of the insured and the young woman who disappeared at the same time as the insured. No question as to identity is raised on this motion. Subsequently the plaintiff, the beneficiary named in the policies issued by defendant, presented proofs of loss thereunder, and the defendant failing and refusing to pay the claim, this action has been brought to recover upon the policies issued by the defendant.

The defendant contends that the Statute of Limitations as against plaintiff's alleged cause of action commenced to run seven years after the disappearance of the insured and that more than six years having elapsed since the expiration of the seven-year period, plaintiff's cause of action is barred by the Statute of Limitations.

There seems to be no direct authority in point in the State of New York. The plaintiff relies, not upon presumption, but upon fact. She seeks to recover because of actual proof of the death of the insured, and bases her claim upon the fact that death was not known or discovered until January 3, 1933, and that the plaintiff had no knowledge whether the insured was dead or alive until such time.

Considerable confusion has existed relative to presumption of death arising from seven years' absence. The authorities are not in harmony. It is well established, however, that there is no conclusive presumption of death, even though seven years elapse after a person has disappeared and no tidings have been heard from him. The presumption is to be applied only after evidentiary facts are submitted. It does not arise when there may exist circumstances or facts which reasonably account for the party not being heard from, or where the disappearance has been under circumstances which would indicate communication was unlikely. Evidence must be produced of facts which justify the inference that the death of the absentee is the probable reason why nothing is known about him before the presumption will apply. (*Matter of Bd. of Education of New York*, 173 N. Y. 321; *Butler* v. *Mutual*

*Life Ins. Co.*, 225 id. 197; *Donovan* v. *Twist*, 105 App. Div. 171; *Matter of Lindemann* v. *Reid Ice Cream Corp.*, 222 id. 700; *Matter of Konieczny* v. *Kresse Co., Inc.*, 234 id. 517; *Town of Van Buren* v. *City of Syracuse*, 72 Misc. 463; *Matter of Wyllie*, 134 id. 715; *Matter of Katz*, 135 id. 861; *Falk* v. *Empire State Degree of Honor*, 143 id. 486; *Stevens* v. *Metropolitan Life Insurance Co.*, 151 id. 676.)

The presumption of death from unexplained absence not being absolute, will not be indulged where the circumstances of the case are such as to account for the absence without assuming death. A variety of circumstances may exist which will prevent the inference of death from mere unexplained absence, such as a desire to conceal identity; the improbability that under the circumstances the person absent would have communicated with his home or family; that there was a cloud upon his character, or that he was a fugitive from justice. (Cases cited *supra.*) This rule clearly would apply in the case of the insured.

From the facts disclosed by the moving papers and stated upon the argument, it is apparent that the insured left his home under such circumstances as would reasonably justify the inference that he would not desire to make his whereabouts known. From the facts submitted to the court upon this motion, the conclusion is irresistible that had the plaintiff sought to recover upon her alleged cause of action here after the expiration of seven years from the date of the disappearance of the insured, she could not have succeeded in such action on the theory of a presumption of death arising from seven years' unexplained absence.

The fact of death was discovered in January, 1933. In February, 1934, proofs of loss under the policies were presented to the defendant by the plaintiff. The policies contain no limitation of time within which proofs of loss thereunder must be presented. Each recites that loss is payable " upon receipt of due proof of the death of the insured." No obligation exists on the part of the defendant until proofs of death are submitted and approved, or should be approved. (*Connor* v. *New York Life Insurance Co.*, 179 App. Div. 596.)

The insured at the time the policies in question were issued was of the age of thirty-four years. Taking into consideration the circumstances under which he disappeared, we cannot hold as a matter of law that plaintiff, the beneficiary named in the policies, was obligated to present proofs of alleged loss under the policies, based upon the presumption of death after seven years' absence, when the circumstances under which the absence originated would under the authorities have precluded the maintenance of the action. Such being the situation, we are unable to discern how the Statute

of Limitations could commence to run, as against plaintiff's cause of action, from the expiration of seven years from the date of disappearance. We believe the plaintiff had the right to withhold action until such time as she was able to present " due proof of the death of the insured."

We have deemed it unnecessary to discuss the various cases cited *supra*, or attempt to analyze the various opinions. It is our view that upon the face of the complaint and from the facts disclosed by the moving papers, it cannot be said as a matter of law that the alleged cause of action of plaintiff is barred by the Statute of Limitations. We, therefore, feel constrained to deny the motion.

The only question involved upon this motion is the Statute of Limitations, and the court is in no manner discussing or passing upon other issues which it can readily discern may be of grave importance in the determination of the validity of the claim of the plaintiff.

The motion of defendant to dismiss the complaint is denied, with ten dollars costs, with leave to defendant to serve an answer within twenty days after service of order.

Submit order accordingly.