Etta M. Gardner, Respondent, v. Northwestern Mutual Life Insurance Company, Appellant.— December 20, 1918, the defendant issued to one Harry W. Gardner a twenty-payment life policy, No. 1294421, for the sum of $1,000, loss thereafter payable to the plaintiff herein, Etta M. Gardner, the wife of the insured. January 20, 1919, the defendant likewise issued its five-year term policy No. 1299922 for a like sum and payable to the same beneficiary. In June, 1919, the exact date not appearing, the insured left his home at Rockdale in Chenango county, stating that he was going to a dance. The same night a young woman residing in the same community likewise left home. Neither party was ever seen or heard from thereafter. January 3, 1933, hunters discovered a human skull while hunting in or near what is known as Michigan swamp in the county of Chenango, in the vicinity of Mt. Upton. Further investigation by the authorities resulted in the finding of two skeletons which were thereafter identified as those of the insured and the young woman who disappeared at the same time as the insured. Subsequently the plaintiff, the beneficiary under the policies issued by defendant, presented proofs of loss thereunder, and the defendant failing and refusing to pay the claim, this action has been brought to recover upon the policies issued by the defendant. After the commencement of the action defendant moved to dismiss the complaint upon the ground that the action was barred by the Statute of Limitations. The court at Special Term denied this motion (152 Misc. 873; affd., 242 App. Div. 886). On the trial defendant again raised the same question and the trial judge held that that was not an issue. Defendant also contends that the insured's death was presumed after seven years' unexplained absence and that consequently plaintiff's action is barred. The court overruled that objection. Each of the policies sued on provided that the defendant was only required to pay the amount thereof " upon receipt of due proof of the death of the insured." The Statute of Limitations did not commence to run until plaintiff was in a position to present to defendant adequate proof of death. Defendant also asserted that the insured had committed suicide. The burden of proof was on defendant to establish that fact. (*Ostrander* v. *Travelers Insurance Co.*, 265 N. Y. 467; *Martorella* v. *Prudential Insurance Co. of America*, 268 id. 586.) Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.