■ CLARA C. PLOTKIN, Also Known as CLARA C. STORPER, Respondent, v. DISABILITY AND CASUALTY INTER-INSURANCE EXCHANGE, Appellant.— Order granting plaintiff's motion for summary judgment and judgment entered thereon, both herein appealed from, unanimously reversed, on the law, with $50 costs and disbursements to abide the event, the judgment vacated and the motion denied. This is an action to recover the proceeds of an accidental death benefit policy issued by defendant to one George Plotkin. By the terms of the policy the proceeds, in the event of accidental death, were payable to plaintiff, the widow, as designated beneficiary. The policy was issued March 15, 1960 in the amount of $250,000. September 17, 1963 at or about 1:30 P.M., Plotkin was killed when a 1956 Plymouth which he was driving on the Taconic

State Parkway left the road and struck a bridge abutment about three feet distant. When defendant refused payment, plaintiff sued on the policy. The answer, in addition to general denials, asserted as an affirmative defense that the insurance contract did not cover death, injury or disability "Caused by suicide or attempted suicide, whether felonious or not, or intentionally self-inflicted injury, whether then sane or insane", and that the present claim was specifically excluded thereby. The issue is whether Plotkin died an accidental death, with the burden on plaintiff to prove death within the coverage and on defendant to prove the commission of suicide (*Ostrander* v. *Travelers Ins. Co.*, 265 N. Y. 467; *Martorella* v. *Prudential Life Ins. Co.*, 268 N. Y. 586; *Gardner* v. *Northwestern Mut. Life Ins. Co.*, 246 App. Div. 868). On this record sufficient is shown to warrant a trial of the issue whether the death was accidental or a result of decedent's willful knowledgeable act. Defendant has done more than merely plead ignorance. It has come forward with a recital of events, of its efforts to ascertain the facts and the result of such efforts which bear directly on the main issue. Factual questions are raised which should be explored upon a trial (CPLR 3212; *Overseas Reliance Tours & Travel Serv.* v. *Sarne Co.*, 17 A D 2d 578). Concur — Stevens, J. P., Capozzoli, Steuer and Rabin, JJ.