HELENA DENNERLEIN, Respondent, *v.* JOHN DENNERLEIN et al., and RICHARD WEBBER, Purchaser, Appellants.

A judgment in a partition suit directed a sale, the description of the premises, after giving the metes and bounds, closed thus: "Containing thirty-one acres, more or less." The notice of sale contained the same description. In a hand-bill issued before the sale in the name of the referee appointed to sell, the boundary lines were omitted and the premises briefly described as the farm of D. "containing thirty-one acres." The sale took place upon the premises and the contract signed

---

*The omitted portion of the opinion states the substance of the proof on taxation.

by the purchaser contained the words " more or less." He sought to be relieved from his purchase on the ground that when he bid he had one of the hand-bills in his possession and believed that the premises contained thirty-one acres when, in fact, they contained only twenty-four and three-quarters. *Held*, that the purchaser was chargeable with negligence in failing to obtain full and accurate information, and so relief was properly denied; also, that the matter was one resting in the discretion of the court below and was not reviewable here.

(Argued November 27, 1888; decided December 4, 1888.)

APPEALS by Richard Webber, purchaser, from orders of the General Term of the Supreme Court in the second judicial department, one dated December 13, 1887, which affirmed an order of Special Term denying a motion of said purchaser to be released from his purchase; the other made February 14, 1888, which affirmed an order of Special Term directing a resale, etc.   (*Mem.* of decision below, 46 Hun, 561.)

On the 5th day of February, 1887, a judgment in partition was rendered herein, directing referee Banks to sell at public auction, in the usual manner, premises described as follows : " All that certain piece or farm of land bounded and described in a deed of conveyance, from Josiah Briggs and wife to George Dennerlein, bearing date the 10th day of February, 1866, as follows, to wit: All that certain piece or farm of land situate, lying and being in the town and county of Westchester and state of New York, bounded as follows : Beginning at the Bear Swamp lane, leading from Westchester to the Snuff Hills on Bronx river, at the south-west corner of the land adjoining the land late of Thomas Baxter, but now of Michael and Andrew Dunn; thence running northerly, as the stone fence now stands, twenty-one chains and fifteen links; thence easterly to a sharp rock; thence south-easterly in a straight line through the woods to the land late of Simon Paul, but now of James Hauxhurst; thence running, as the fence now stands, southerly to the lands late of John Oakley; thence running along the said lands south-westerly, as the fence now stands, to a white oak stump at the aforesaid road; thence westerly along the Bear Swamp road to the place of beginning,

containing thirty-one acres, be the same more or less, being the same premises which were conveyed by Frederick Ryer and wife to Josiah Briggs by deed, dated April 1, 1865." In pursuance thereof he gave notice on the 11th of February, 1887, by posting an advertisement, that he would sell the premises, which were described as in the judgment, on the twenty-eighth of March then next. At the sale then made Richard Webber became the purchaser at the price of $15,000, and paid ten per cent, after subscribing conditions of sale by which it was provided that the balance of the bid should be paid on the twenty-third of April, and in default thereof the premises should be again put up for sale under the direction of the referee, with or without application to the court, as he might elect, and "the purchaser held liable for any deficiency" resulting therefrom, and the costs and expenses of the resale. The purchaser did fail to pay the remainder of the purchase-money, and applied to the court for an order releasing him from the bid, discharging him from all claim in the premises, and directing the referee to repay to him the ten per cent, and also his costs and expenses, amounting to $470. The court denied the motion, and on application of the plaintiff directed a resale, and "that the purchaser at the first sale pay the deficiency resulting therefrom."

*L. E. Prendergast* for appellant. The fact of the purchase having been made at judicial sale leaves the purchaser entirely without blame, because, not under any duty to inquire, being entitled to rely on the representations made at the auction and sale. (*Paine* v. *Upton*, 87 N. Y. 327.) The facts attending and preceding the sale here make a case of representation, afterwards discovered to be untrue and which affected the purchase, and because of which the purchaser should be relieved. (*Paine* v. *Upton*, 87 N. Y. 331, 332; *Wilson* v. *Randall*, 67 id. 342; *Belknap* v. *Sealey*, 14 id. 151.) Courts may relieve purchasers against mere accidents, mistakes or hardships. (*Fisher* v. *Hersey*, 78 N. Y. 387; *Fairchild* v. *Fairchild*, 59 How. Pr. 351; *Am. Ins. Co.* v. *Simers*, 3 Ch. Sent. 70; *Marsh* v. *Ridgway*, 18

Abb. Pr. 262; *Veeder* v. *Fonda,* 3 Paige, 94; *Laight* v. *Pell,* 1 Edw. 577.) A good objection to the title offered was that the referee failed to publish for liens, and that, therefore, certain liens,. to wit: The claims of creditors of George Dennerlein, deceased, are not barred by the sale. (Code, §§ 1562, 1621.) The court will relieve a purchaser where title is doubtful or imperfect, although probable that he may never be disturbed. (*Lee* v. *Lee,* 27 Hun, 1; *People* v. *Knick. L. Ins. Co.,* 66 How. Pr. 115; *Beckenburgh* v. *Nally,* 32 Hun, 161; *Fleming* v. *Burnham,* 100 N. Y. 1; *Weeks* v. *Tomes,* 16 Hun, 349; 76 N. Y. 601.) Where gross unfairness would result if the purchase should be enforced, the court lays hold of minor irregularities for the purpose of relief. (*Chapman* v. *Boetcher,* 27 Hun, 606.) Mr. Webber should have been discharged from his purchase and been returned the ten per cent he paid. (*In re Cavanagh,* 14 Abb. Pr. 261; *Rogers* v. *McLean,* 31 Barb. 304.)

*H. C. Henderson* for respondent. The purchaser has accepted the premises and entered into possession as the owner thereof, and has shown no reason why he should be released from his contract. (*Morris Canal Co.* v. *Emmett,* 9 Paige, 168; *Faure* v. *Martin,* 3 Seld. 210; *Marvin* v. *Bennett,* 26 Wend. 169; *Stebbins* v. *Eddy,* 4 Mason, 414.) The purchaser should furnish affirmative evidence of liens and ask to have them removed, or that he be relieved from the obligations incurred by him as such purchaser. Until this is done he presents no case for the interference of the court. (*Noble* v. *Cromwell,* 27 How. Pr. 293.) The claim of the widow for dower is superior to any claim against the estate of the deceased, and the sale of the real estate to satisfy her dower divests the lands from the liens of such claims. (*Higbie* v. *Westlake,* 14 N. Y. 281, 285.) The advertisement by the executor or administrator for claims under the statute does not in any way affect a claim unless presented and rejected. (Code of Civ. Pro. § 2750.)

DANFORTH, J. The grounds assigned by the purchaser for the interference of the court were (1.) his belief at the time he bid that the described premises consisted of thirty-one acres, whereas as he afterwards ascertained, they contained only twenty-four and three-quarters acres; (2.) the omission of the referee to advertise for liens on the premises. It appears that in addition to the notice of sale already referred to, a handbill was issued on the seventh of March in the name of the referee, in which the lines of boundary were omitted and the premises briefly described as the farm of " the late John Dennerlein, containing thirty-one acres." The plaintiff says he had one of these hand-bills in his possession and in bidding relied upon the statement of quantity contained therein. It differs from the advertisement and from the description of quantity in the contract signed by himself and by the referee, in that the latter contains the words " more or less." It does not appear that he had not seen at an earlier time the original and legal advertisement containing those qualifying words.

It is plain that the official advertisement contained nothing likely to mislead. The sale took place upon the premises, and the failure to obtain full and accurate information was solely due to the intending purchaser's own negligence. There was sufficient ambiguity in the notice to call for a survey if definite knowledge as to quantity was material, and the result shows that by the aid of a surveyor it was easily obtained.

The second objection is formal only. If any lien in truth existed, beside those provided for by the decree, or any cloud upon the title, or other fact prejudicial to the title, it should have been set out by the purchaser as ground for relief. Nothing of the kind appears. It is, however, not material to discuss the facts. They have been passed upon by both the Special and the General Terms of the Supreme Court, and there is nothing in the case making either order an exception to the general rule which leaves each court to control, according to its discretion, the mode of executing its own judgment. (*Fisher* v. *Hersey*, 78 N. Y. 387.)

Both appeals should, therefore, be dismissed, with costs in this court to the respondent of one appeal only.

All concur.

Appeals dismissed.