## VINGUT *v.* VINGUT *et al.*

(*Supreme Court, General Term, First Department.* December 31, 1891.)

1. JUDICIAL SALE—MISTAKE AS TO IDENTITY OF PROPERTY—RELIEF OF BIDDER.

A purchaser of land at a partition sale bid $9,000, which was much in excess of its value, under a mistake as to the identity of the property, on discovery of which he refused to complete the purchase, and requested the auctioneer to put the property up again for sale. The purchaser had not seen newspaper notices of the proposed sale, and, though he held in his hand a hand-bill containing a diagram of the property at the time of his bid, had not had time to consult the same before bidding. *Held,* that he should be relieved from the purchase.

2. SAME—EXPENSES OF RESALE.

But in such case the purchaser should be charged with the costs of the resale, the same having been necessitated by his mistake only.

Appeal from special term, New York county.

Action by George F. Vingut against George T. Vingut and others for partition. From an order denying a motion to compel Benjamin P. Fairchild to complete a purchase at a sale made in the cause, plaintiff and defendants both appeal. Affirmed. For report of action to construe will, see 1 N. Y. Supp. 914.

Argued before VAN BRUNT, P. J., and BARRETT and DANIELS, JJ.

*Roe & Mocklin,* for plaintiff. *Evarts, Choate & Beaman,* (*John J. Macklin,* of counsel,) for defendant. *Thomas T. Sherman,* guardian *ad litem.* *John Whalen,* (*Richard O'Gorman,* of counsel,) for Fairchild and Yoran.

VAN BRUNT, P. J. The complainant was a purchaser of the premises in question at a partition sale, and upon his failure to complete his purchase a motion was made that he be compelled to do so, which was denied, and from the order thereupon entered this appeal is taken. The defense which the respondent urged to the motion below was that he was mistaken as to the location of the property when he bid upon it at the sale. It appears from the papers which were read upon the motion that, besides the publication of the legal notices, hand-bills containing maps describing the property to be sold were printed under the direction of the referee; that immediately before the sale such hand-bills were distributed among the surrounding by-standers; that the lot was put up for sale, and knocked down to the respondent, he being the only bidder for it, at $9,000; that he gave the auctioneer the name of Frank Yoran as the purchaser, but, claiming to have discovered that he was mistaken in respect to the location of the property, he so stated to the auctioneer, and requested him to put the lot up again, which request the auctioneeer declined to comply with. The respondent refused to sign the terms of sale or to complete the purchase. It seems to be admitted by the papers that the amount which was bid by the respondent for the lot in question was in excess of its value, and that the purchaser was a dealer in real estate, familiar with the values of real estate in the city of New York; and that the respondent was actually mistaken, as he claims to have been, seems to be established. It appears that he had not seen any of the notices in respect to the sale, and, although he had in his hand one of the diagrams distributed at the commencement of the sale, he had no opportunity to examine it before the lot bid upon by him was put up for sale, and his was the only bid offered, it being, as has already been said, in excess of the real value of the lot as it was actually situated, but much below the value of the lot if it had been situated as was supposed by the respondent. It seems to us, under these circumstances, that there was a mistake in fact upon the part of the respondent, and that he should be relieved from his purchase, such mistake having been beyond question established. The case differs from that of *Dennerlein* v. *Dennerlein*, 111 N. Y. 518, 19 N. E. Rep. 85, in that in the case cited it did not appear that the purchaser had not seen at an earlier time the original legal advertisement containing certain qualifying words, which removed the objection which the purchaser had to the title, and also in that case the purchaser had signed the terms of sale containing those qualifying words. We are of opinion, however, that the respondent should have been charged, as a condition of relieving him from his purchase, with the expense of a resale, such expense being incurred because of the mistake of the respondent, and that only. The order should be modified, therefore, by relieving the respondent from his purchase upon his indemnifying against the expense of a resale; and as so modified affirmed, without costs.

DANIELS, J., concurs.

BARRETT, J. I concur. Mr. Fairchild was not guilty of negligence with regard to the mistake in question; and I think it would be inequitable, under the peculiar circumstances of the case, to hold him to a bargain which he never intended to make, and which resulted from a mere oversight, not amounting to negligence.