THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* NEW
    YORK BUILDING-LOAN BANKING COMPANY, Defendant.

GUISEPPE SECCAFICO et al., Appellants ; CHARLES M. PRESTON,
    as Receiver of the NEW YORK BUILDING-LOAN BANKING
    COMPANY, Respondent.

REAL PROPERTY — CONTRACT OF SALE MADE BY RECEIVER — POWER
OF COURT TO RELIEVE PURCHASER WHEN TITLE IS DEFECTIVE, DISCRE-
TIONARY — EXERCISE THEREOF NOT REVIEWABLE BY COURT OF APPEALS.
A person who contracts to sell real estate to another and convey good
title is bound by his contract.   If he is unable to convey a good title, he
is liable, as for a breach of contract, not only for a return of the money paid
to him on the contract with interest thereon, but also for the reasonable
expenses of the other party in examining the title and the costs of an
action to compel such payments.   In case of judicial sales, however, such
as sales by receivers, the court warrants no title, express or implied; the
purchaser takes only the title of the party represented by the receiver and
the power of the court to convey is limited to such title; the purchaser
may take such time as he chooses before he closes the contract and may
make such investigation of the title as he may desire; if he finds the title
defective and refuses to complete his purchase, the court may award or
withhold such compensation as in its judgment and discretion appears to
be equitable as between the parties; and the exercise of such discretion
is not reviewable by the Court of Appeals; especially in a case where the
alleged defect was curable and the purchaser objected to the allowance
of a reasonable time to the receiver to enable him to perfect the title.
    *People* v. *N. Y. B.-L. Banking Co.*, 114  App. Div. 904, appeal dismissed.

(Submitted May 20, 1907; decided October 1, 1907.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered June
20, 1906, which affirmed an order of Special Term granting a
motion that the appellants herein be relieved from their pur-
chase of certain real property and that the amount of a deposit
made by them be returned, but refusing to allow interest on
such deposit, or an allowance for the expense of examination
of the title and of the application herein.

The facts, so far as material, are stated in the opinion.

*Alonzo G. McLaughlin* for appellants.   The offer to pur-
chase made by the petitioners became a contract of purchase

and sale when the receiver was directed by order of the court to accept the offer and did so, and such contract required that the premises be conveyed free and clear of all incumbrances other than those stated in the offer. (*Matter of Denison*, 114 N. Y. 621; *F. L. & T. Co.* v. *B. & S. W. Ry. Co.*, 32 Fed. Rep. 805.) The title being unmarketable, the petitioners are entitled to the return of their deposit, with interest, the expense of the examination of title and an allowance on this application to the court for relief. (*People* v. *S. B. Co.*, 92 N. Y. 98; *People* v. *G. M. L. Ins. Co.*, 33 Hun, 393; *Drake* v. *Goodrich*, 6 Blatchf. 531; *Matter of Denison*, 114 N. Y. 621; *Rice* v. *Barrett*, 102 N. Y. 161; *Toole* v. *Toole*, 112 N. Y. 333.) The receiver in making the contract was acting for the benefit of the fund, and these charges against him, because of the unmarketability of the title, should be charged upon and paid from the fund in his hands. (*People* v. *Locke Co.*, 12 Civ. Pro. Rep. 131; *C. Ins. Co.* v. *Stevens*, 37 N. Y. 537; *Camp* v. *Niagara Bank*, 2 Paige, 238.)

*Charles W. Dayton, Jr.*, for respondent. The denial of so much of the petitioners' application as was denied was discretionary, and the Appellate Division having unanimously affirmed the order, the questions raised cannot be reviewed here. (*Atty.-Gen.* v. *C. L. Ins. Co.*, 94 N. Y. 199; *Parish* v. *Parish*, 175 N. Y. 181.) The offer of January 18, 1906, to purchase expresses no obligation on the part of the receiver, except to return the deposit in the event that the court should not approve said offer. He made no contract to convey. (*Russell* v. *Briggs*, 165 N. Y. 500.) The court below rightly refused to allow the petitioners interest or any expense which might have been incurred in examination of the title. (*Drake* v. *Goodrich*, 6 Blatchf. 531.)

Haight, J. In an action prosecuted by the People of the state against the New York Building-Loan Banking Company one Charles M. Preston was, by a final judgment entered in that action, appointed permanent receiver of all of the property, real and personal, of that corporation. On

the 18th day of January, 1906, he received the following from
Guiseppe Seccafico and his wife: "I hereby agree to pur-
chase property situate and known as Nos. 336 and 338 Water
street, Borough of Manhattan, City of New York, for the
sum of Twenty thousand dollars, taking the same subject to
outstanding mortgages Twelve thousand dollars at 5%, and
any Tenement House violations, and a certain lease expiring
June 1st, 1906, paying the difference between outstanding
mortgages of Twelve thousand dollars and purchase price,
Eight thousand dollars in cash. As an evidence of my good
faith I accompany this offer with a deposit of $300, which
is to be returned to me in the event the Receiver of the New
York Building-Loan Banking Company declines to accept this
offer, or if accepted by him, is rejected by the Court upon
application for order to sell. In the event of being accepted
by the Receiver and the Court the said amount will be for-
feited by way of liquidation of damages if agreement as
indicated herein is not fulfilled on my part. I hereby agree
to pay an additional sum of Three hundred dollars on account
of purchase money within three days after notice of Court's
acceptance of this offer, and to take title within thirty days
after said notice of acceptance." Thereupon the receiver
presented a petition to the Supreme Court setting forth the
facts with reference to the offer, upon which the court made
an order authorizing and empowering the receiver to accept
the offer and to convey the premises to the parties named.
Guiseppe Seccafico then deposited with the receiver an addi-
tional $300, called for by his offer, for which the receiver
gave a receipt and upon the instrument indorsed the words,
"Approved, Charles M. Preston, Receiver." Subsequently
the closing of the contract, at the request of the purchasers,
was adjourned to March 15th, 1906, at 2 o'clock. At that
time they refused to take title, upon the ground that the
receiver's title was not marketable, and thereupon a petition
was presented to the court asking that the purchasers be
relieved from taking title, and that the receiver be compelled
to pay them the amount deposited with him, together with

interest, $200 for the costs and expenses of having the title examined and $100 for the costs of the proceedings. To this the receiver objected, alleging that the defect in the title was such that it could be cured if he was given a reasonable time. The court, however, made an order relieving the purchasers from taking title and requiring the receiver to return to them the amount deposited with him, but refused their application for allowances, interest and attorney's fees. The purchasers appeal, claiming that they are entitled to the items disallowed.

A person who contracts to sell real estate to another and convey good title is bound by his contract; and if it subsequently turns out that he is unable to do so he is liable as for a breach of contract, not only for the return of the money paid to him on the contract, with the interest accruing thereon, but also to make good to the other party his reasonable expenses in having the title examined and the costs of the action to compel such payments. With judicial sales, however, the situation is different. The contract is made with some officer or agent appointed by the court, who acts under its direction, judgment or decree. In such cases the purchaser cannot demand damages as for a breach of contract made by the court through its officer or agent, but has to rely upon the court to do equity under the circumstances. Therefore, the awarding of compensation to an innocent purchaser for his reasonable expenses in examining title, where it is found defective, is founded upon equity and not upon the breach of contract. In cases of public sales under judgments and decrees such as the foreclosure of mortgages and the partition of real estate, it has been the usual practice of the courts to protect innocent purchasers at such sales by awarding them reasonable compensation for the examination of the title, in case it turns out to be unmarketable and different from that represented by the officer making the sale. In case of sales by receivers appointed by the court, of insolvent corporations or individuals, or by special guardians of infants or of persons of unsound minds, a further duty devolves upon the court, that of protecting estates from waste and depletion.

It, therefore, warrants no title, express or implied, and the purchaser takes only the title which the insolvent corporation, individual, infant or person of unsound mind had in the property. In such cases the situation is different from that existing upon the public sale, where the purchaser has had no time to examine the title and has made his bid upon the supposition that it was marketable. In case of private sale the purchaser may take such time as he chooses before he closes the contract and make such investigation of the title as he may desire, knowing that the power of the court to convey is limited only to such title as is possessed by the persons for whom the court is acting. In such cases we think the court may award or withhold such compensation as in its judgment and discretion appears to be equitable as between the parties. In 5 Pomeroy's Equity Jurisprudence (§ 212) it is said of private sales by receivers: " A purchaser is bound to take such title as an examination of the proceedings shows that he will get. He is bound to examine for himself beforehand to see what title he will obtain by the sale." In *Campbell* v. *Parker* (59 N. J. Equity, 342) PITNEY, V. C., says: " A purchaser at a judicial sale is bound to take such title as an examination of the proceedings will show that he will get; he is bound to examine for himself beforehand to see what title he will obtain by the sale. The court, however, treats a contract made with one of its officers as being made with the court itself, and will deal with its contractee upon equitable principles." In *Matter of Coleman* (174 N. Y. 373) E. T. BARTLETT, J., says : " As in case of other judicial sales, there is no warranty of title, express or implied, and the purchaser takes only the title which the corporation had, and he takes this title subject to any paramount liens or equities subsisting against the property." (Citing 5 Thompson's Commentaries on the Law of Corporations, § 7013.) In *Matter of Attorney-General* v. *Continental Life Insurance Co.* (94 N. Y. 199) ANDREWS, J., in affirming an order of the court refusing the application of a purchaser at a receiver's sale of an insolvent insurance company to complete the sale, says: " The court could, in the

exercise of a *just discretion*, sanction or disapprove it, and the purchaser must be deemed to have purchased subject to this implied condition." In the case of *Parish* v. *Parish* (175 N. Y. 181) CULLEN, J., says: "An application to compel a purchaser to take title and that of a purchaser to be relieved from his bid are regarded as special proceedings. When the applications involve questions of fact *or the exercise of discretion*, the determination of such questions cannot be reviewed here; but when they present solely questions of law, their examination is open to this court." In the case of *Farmers' Loan and Trust Company* v. *Bankers & Merchants' Telegraph Company* (119 N. Y. 15) EARL, J., after reviewing the facts in that case, says: "It is clear that the appellant had no absolute legal right to have the sale set aside, and it cannot be said that the court below *was without discretion to deny the application*, or that it abused its discretion." (See, also, *Fisher* v. *Hersey*, 78 N. Y. 387; *Dennerlein* v. *Dennerlein*, 111 N. Y. 518; *Howell* v. *Mills*, 53 N. Y. 322.)

In the case of *People* v. *Open Board of Stock Brokers B. Co.* (92 N. Y. 98), the purchaser was relieved from his purchase, and his deposit, interest and reasonable expenses of investigating the title were directed to be paid to him. This case was a sale by a receiver, but the question raised and reviewed upon the appeal pertained to other matters, and no question appears to have been raised or discussed with reference to the allowances of these items. In *Drake* v. *Goodridge* (6 Blatchf. 531) it was held that if a purchaser refuses to complete his purchase on a sale of real estate by a receiver, on account of defect of title, and the receiver waives and consents that the sale should be held void, the purchaser is entitled to be paid by the receiver his legal expenses, including reasonable counsel fees, incurred in examining the title. This, however, was where the receiver waived and consented that the sale should be void. These are the principal authorities upon the subject, to which our attention has been called by the respective parties, as well as those that we have been able to discover by our own examination. The courts doubtless

have, in numerous cases, made allowances such as is claimed by the appellants in this case. They, however, have done so in the exercise of discretion in cases where it appeared just that an allowance should be made.

In the case under consideration the court saw fit to deny the application of the purchasers for relief, so far as these items were concerned. As to the $100 that the petitioners claimed for counsel fees in the presenting of the application for relief, that was discretionary, under the provisions of section 3240 of the Code of Civil Procedure. As to the justice of allowing the other items claimed, it depends upon the circumstances of the case. Upon referring to the contract, we find that the receiver simply approved the written offer that was presented to him, and is only bound in so far as such an acceptance would imply a promise on his part to perform. He does not appear to have known of the defect in the title until the adjourned day, when his attention was called thereto. It being a defect that could be cured, he asked the court to give him a reasonable time within which to perfect the title. This the court, in the exercise of its discretion, under the contract, had the power to grant. But the purchasers objected, and the court saw fit to refuse the application and ordered a return of the deposit without further allowances to the purchasers, possibly for the reason that they objected to giving the receiver reasonable time to perfect the title. This determination has been unanimously affirmed by the Appellate Division. We think that the order was discretionary, and that consequently this court has no power to review it.

The appeal should be dismissed, with costs.

VANN, J. (dissenting). It is an unjust rule which imposes an unequal burden upon the parties to a contract. In the case before us, if the purchaser had refused to complete his purchase without adequate cause, the court would have compelled him to perform his contract, and would have required him to pay all reasonable expenses arising from his default. In fact, however, the default was not made by the purchaser,

but by the seller, and the courts have thus far relieved him
from the payment of such expenses as, *mutato nomine,* it
would have imposed upon the purchaser. He has thus been
exempted from a liability which would have been cast upon
his adversary under like circumstances.

The reason given for this discrimination is that the seller is
a receiver and that his agreement to sell is virtually the
agreement of the court. This distinction has no adequate
foundation, for a court which compels all persons to perform
their contracts, or make good the default, should not fail to
keep *its own* promise and then refuse to compensate the other
party for the expenses incurred in reliance thereon. Is an
agreement made by an officer of the court, under its direction,
less sacred than one made by an individual? The failure to
perform by either party results in certain damages of the same
nature, and why should not the duty of compensation be the
same? If a promise made under the sanction of the court
means less in law than the same promise made upon individual
responsibility, there should be some plain reason for it capable
of easy statement. The only reason given is that an indi-
vidual represents himself only, while a receiver represents
creditors. But why should creditors, thus promising through
their representative appointed by the court, be under no legal
obligation to pay damages for a default which, if made by the
other party, would call for compensation as matter of law?
The promise of the receiver was made for the purpose of
benefiting the creditors, and the consequences of his mistake
should fall upon them, if he acted in good faith, otherwise
upon himself, but in no event upon the innocent purchaser.
Creditors are entitled to their own, but they must get it from
their debtor. If they directly or indirectly contract with a
third party they are entitled to no exemption because they are
creditors. The law is not guilty of favoritism in the enforce-
ment of contracts or in awarding or withholding damages for
a violation thereof. Even interest on the sum deposited by
the purchaser when the contract was made was not allowed
him. Thus the representative of the creditors is permitted to

retain for their benefit the amount earned by the deposit while it was in his possession. The rule laid down by the prevailing opinion will lead to a want of confidence in dealing with receivers, even when their action is approved by the court, and the result will be that they cannot sell property by executory contract for what it is really worth. Every risk lowers the price.

The purchaser, as I think, was entitled to some compensation, as a legal right, for the violation of his contract by the receiver. While the amount to some extent may depend upon the sound discretion of the court, the refusal to allow anything whatever was an error of law which requires the reversal of the order appealed from.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT and CHASE, JJ., concur with HAIGHT, J.; HISCOCK, J., concurs with VANN, J.

Appeal dismissed.