ALEXANDER LANE et al., as Executors of and Trustees under the Will of BENJAMIN LICHTENSTEIN, Deceased, Appellants, *v.* CHANTILLY CORPORATION et al., Defendants.

JOHN M. MOODY, Respondent.

(Argued May 28, 1929; decided July 11, 1929.)

*Dan Gordon Judge* and *Yorke Allen* for appellants. The fact that the premises were sold expressly subject to any state of facts which an accurate survey would show, made it error for the court to sustain the objections based on the encroachments — especially so under the facts of this case. (*McCarter* v. *Crawford*, 245 N. Y. 43; *March* v. *Marasco*, 165 App. Div. 438.)

*William Pinkney Hamilton, Jr.*, for respondent. A purchaser will not be compelled to complete his purchase of premises sold on foreclosure, where there is an encroachment making title unmarketable, although the advertisement of sale provides that the property is to be sold " subject to any state of facts shown by an accurate survey." (*Veeder* v. *Fonda*, 3 Paige Ch. 94; *Heim* v. *Schwoerer,* 51 Misc. Rep. 97; *Sohns* v. *Beavis*, 200 N. Y. 268; *Josephy* v. *Golden*, 113 Misc. Rep. 284; *People* v. *N. Y. Bldg.-Loan & Banking Co.*, 189 N. Y. 233; *Batchelar* v. *Batchelar*, 244 N. Y. 274; *Haberman* v. *Baker*, 128 N. Y. 253; *Morrow* v. *Renniere Process, Inc.*, 222 App. Div. 100; *Moser* v. *Ellis*, 106 N. Y. Supp. 1075; *Luker* v. *Fitzer*, 107 Misc. Rep. 308.)

LEHMAN, J. John M. Moody purchased the premises known as 640 Broadway at a foreclosure sale. Under the terms of sale signed by the purchaser, the premises were sold " subject to any state of facts which an accurate survey would show." The survey made after the sale showed that certain stone piers projected one foot eight inches on Broadway and that the portico extended about two feet six inches on Broadway. These encroachments

could be removed at the cost of about $1,500, but their removal would somewhat injure the appearance of the building. There were some other encroachments upon the street of minor consequence. The purchaser because of these facts has been relieved of his purchase and the referee has been ordered to repay to the purchaser the deposit or part payment of 10 per cent of the purchase price made by the depositor upon the sale. The order further provides that " the Plaintiffs pay unto John M. Moody the following sum on account of the sale which is hereby set aside: Five hundred Dollars to John M. Moody, the purchaser hereby relieved, as and for the full expenses of the examination of title."

The purchaser, who agreed to take title subject to a state of facts which an accurate survey would show, now. asks to be relieved of his purchase because an accurate survey shows that the building encroaches on the street. The contract contemplated that a survey might show encroachments which would ordinarily constitute an objection to the title, and the purchaser agreed to waive such objections. (*McCarter* v. *Crawford*, 245 N. Y. 43.) Refusal to accept title tendered in accordance with the terms of sale constitutes a breach by the purchaser of his contract to purchase. The bargain made by the purchaser may result in hardship to him, but it is his own bargain, and only the other contracting party can relieve him of his bargain.

Here the sale was made by the referee as an officer of the court. The court may direct its officer to act in accordance with fairness and equity. In effect the contract is made with the court, and a purchaser upon a judicial sale will not be compelled to perform his contract " where it would not be perfectly just and conscientious in an individual to insist upon the performance of the contract against the purchaser, if the sale had been made by such individual or his agent." (*Veeder* v. *Fonda*, 3 Paige Ch. 94.) Perhaps, in this case, an individual seller

might conscientiously and fairly have insisted upon the performance of a contract, made under similar circumstances, for a purchaser deals at arm's length with an individual seller and may not look to the seller for protection or relief against his own blunders. The rule that a buyer must protect himself against undisclosed defects does not apply in all strictness to a purchaser at a judicial sale. He may feel some sense of security against hidden pitfalls, and be lulled into signing a contract with an officer of the court which he would not make with an individual without further investigation.

Doubtless the referee in this case had no more information about encroachments than the purchaser. Nothing known was concealed, yet the fact remains that the buyer has entered into a contract which he would not have made if all the facts had been known. Conscience cannot always be guided by general rule. Each case must depend upon its own facts. Where there is room for difference of opinion there is room for the exercise of discretion. Though we might doubt whether good conscience demands that the purchaser be relieved of his contract, we cannot say that in the circumstances of this case the court might not in the exercise of its discretion grant such relief.

Discretionary power to relieve the purchaser of his obligation does not include authority to compel the plaintiff to pay the expenses of examination of title. The purchaser asks a favor of the court; he is not entitled to any relief as of right. There has been no breach of contract or other wrong by the referee, certainly none by the plaintiffs. Expenses incurred might be allowed as damages for breach of contract; such expenses cannot be imposed on the plaintiffs where there has been no wrong. (*People* v. *N. Y. Building Loan Banking Co.*, 189 N. Y. 233.)

The orders of the Appellate Division and those of the Special Term should be modified by striking out the

provision for payment of expenses, and as modified affirmed, with costs to the appellants in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not sitting.

Ordered accordingly.