Benjamin Brenner, J.
Plaintiff moves to compel S. Litwak
Construction Corp., the bidder at the foreclosure sale, to complete its purchase. The bidder and its assignee of the bid, Natanya Lumber & Construction Corp., insist that the sale be *135 free of the lien of a judgment which had been procured against the S. Litwak 'Construction Corp. and the personal defendant Samuel Levy, president of the Natanya Lumber and Construction Corp., prior to the foreclosure sale.
Apparently plaintiff failed to include the judgment creditor as a party defendant in the foreclosure suit. Consequently, the Litwak Corp. and its assignee contend that though they were aware of the outstanding subordinate judgment against it and the assignee’s officer, they are entitled, nonetheless, to receive from the Referee in foreclosure a deed which will convey a good and marketable title, and that the failure of the plaintiff to cut off the lien of the judgment creditor renders the title unmarketable.
It is established law that a subordinate judgment creditor is a necessary party in an action to foreclose a mortgage (Real Property Actions and Proceedings Law, § 1311, subd. 3) and, in the event that such judgment creditor is not made a party, the purchaser at the foreclosure sale is entitled to be relieved from his purchase (Verdin v. Slocum, 71 N. Y. 345; Morris v. Wheeler, 45 N. Y. 708; Lyon v. Lyon, 67 N. Y. 250). It should not be forgotten, however, that a foreclosure action is equitable in its nature and that equity principles apply. The court may direct its officers to act in accordance with fairness and equity (Lane v. Chantilly Corp., 251 N. Y. 435; Major Capital Corp. v. 4487 Third Ave. Corp., 15 Misc 2d 1052). It is true, of course, that “ The rule that a buyer must protect himself against undisclosed defects does not apply in all strictness to a purchaser at a judicial sale.” (Lane v. Chantilly Corp., supra, p. 438.) Yet, where it appears, as here, that the buyer has entered into a contract with all the facts known, the court, in its discretion may decline to relieve him of the purchase.
Certainly the Litwak Corporation was fully aware of the lien on the foreclosed property inasmuch as it was the cause and creator thereof. It allowed the judgment to continue unsatisfied, whereupon it proceeded to bid in at the sale with this full knowledge of the judgment against itself and an officer of its assignee.
Thus, the bidder and its assignee, in their plea for equitable relief, have failed to establish that they were themselves free of inequitable conduct and that they seek the relief with clean hands (Matter of Krabbe, 7 Misc 2d 823). They knew or had reason to know of the infirmities in the proposed sale and such knowledge must preclude the requested relief of release from the contract (Scala v. Levensen, 95 N. Y. S. 2d 850).
The motion is in all respects granted.