**Alan R. SOBERMAN and Arlene Soberman (formerly known as Arlene Duboff), Plaintiffs,**

v.

**WEST SHORE DEVELOPMENT CORP., Defendant.**

No. 76 C 942.

United States District Court, E. D. New York.

July 5, 1977.

Daniel L. Raiskin, Briger & Associates, New York City, for plaintiffs.

Goldman, Carlet, Garrison, Bertoni & Bitterman, Clifton, N.J., for defendant by Harold Goldman, Clifton, N.J.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

As part of the Tax Reduction Act of 1975 ("Act"), Congress granted a tax credit to taxpayers who purchased a new principal residence. P.L. 94–12, Section 208; 26 U.S.C. § 44. To be eligible for the credit, which was largely limited to purchases in 1975, the taxpayer had to attach to his income tax return a certification by the seller that the purchase price was the lowest price at which the new residence had been offered after February 28, 1975. 26 U.S.C. § 44(e)(4). If the certification was false, the purchaser had the right to sue the seller in federal district court for treble the difference between the purchase price and the actual lowest price, plus a reasonable attorney's fee. P.L. 94–12, Section 208(b).

Plaintiffs brought this action to recover the treble damages provided in Section 208(b) of the Act. The matter is now before the court on the parties' cross-motions for summary judgment.

The facts are not in dispute. The parties signed a contract on May 24, 1975 whereby plaintiffs would purchase from defendant a condominium unit in The Parker Imperial Condominium in North Bergen, New Jersey, for $49,400. On the same day plaintiffs paid a $5,000 deposit to defendant. On or about July 12, 1975 defendant sent prospective purchasers a letter in which it offered to sell any condominium unit in The Parker Imperial Condominium for $1,500 less than its previous sale price. On August 27, 1975, plaintiffs paid the balance of the purchase price for their condominium unit and defendant transferred legal title to them. Three days later plaintiffs occupied the unit as their principal residence. Thereafter defendant certified in writing that since February 28, 1975 it had not offered to sell plaintiffs' condominium unit at a price lower than $49,400, the price paid by plaintiffs.

Plaintiffs contend that they are entitled to treble damages because defendant's certification was false. They argue that defendant's July 12, 1975 letter reducing the price on all condominiums by $1,500 applied to the unit which plaintiffs had contracted to buy. Therefore, the amount paid by plaintiffs was not the lowest figure at which the unit had been offered since February 28, 1975.

The flaw in plaintiffs' argument is that the purchase price of their condominium unit never changed during the relevant period from February 28, 1975 to the closing date, August 27, 1975. The parties had already entered into a binding contract, fixing a purchase price of $49,400, when defendant sent its July 12, 1975 letter to prospective purchasers. Neither party could unilaterally change the terms of that contract or refuse to abide by its terms. See *Lane v. Chantilly Corp.*, 251 N.Y. 435, 167 N.E. 578 (1929). When the parties signed the contract equitable title vested in plaintiffs and "the only estate remaining in the vendor was a lien for the purchase money, to secure the payment of which [it] retained the bare legal title." *In re Site for Jefferson Houses*, 306 N.Y. 278, 282, 117 N.E.2d 896, 898 (1954). The $1,500 reduction thus applied only to condominium units which purchasers had not contracted to buy.

Therefore, defendant's certification that since February 28, 1975 it had not offered to sell plaintiffs' residence for less than $49,400 was not false, and plaintiffs' action has no merit under Section 208(b) of the Act.

Accordingly, defendant's motion for summary judgment is granted and plaintiffs' motion for summary judgment is denied.

SO ORDERED.