■ ROSE DEVELOPMENT CORP., Respondent, v JONATHAN EIN-HORN et al., Defendants/Third-Party Plaintiffs-Respondents. NA-TIONS CREDIT FINANCIAL SERVICES CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [886 NYS2d 59]—

In an action, inter alia, in effect, for contribution and indemnification, and a third-party action, among other things, for contribution and indemnification, the third-party defendant Nations Credit Financial Services Corporation appeals from an order of the Supreme Court, Kings County (Schack, J.), dated May 9, 2008, which granted the plaintiff's motion for summary judgment on the complaint, and granted that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on the third-party complaint insofar as asserted against it.

Ordered that the order is modified, on the law and the facts, by adding thereto a provision declaring that the recovery by the defendants/third-party plaintiffs, Jonathan Einhorn, Mohamad Ali, Isaac Azaria, and Kazi-A-Hossain, from the third-party defendant Nations Credit Financial Services Corporation will be limited to $125,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It is undisputed that the third-party defendant Nations Credit Financial Services Corporation (hereinafter Nations Credit), improperly foreclosed on a mortgage it did not own. As a result, the foreclosure sale of the subject property to the defendants/third-party plaintiffs, Jonathan Einhorn, Mohamad Ali, Isaac Azaria, and Kazi-A-Hossain (hereinafter the Einhorn Group), and the subsequent sale of the subject property to the plaintiff, Rose Development Corp. (hereinafter Rose), were vacated. Since the title was defective, Rose was paid $275,000 pursuant to a title insurance policy it purchased from Commonwealth Land Title Insurance Company (hereinafter Commonwealth), which thereby became the subrogee of Rose. In this action, Rose, in effect, on behalf of Commonwealth, inter alia, seeks contribution and indemnification from the Einhorn Group for the amount Commonwealth paid to Rose, representing the damages Rose was entitled to recover from the Einhorn Group as a result of the defective title. The Einhorn Group, in turn, brought a third-party action for, among other things, contribution and indemnification.

"As a general rule, a purchaser at a foreclosure sale is entitled to a good, marketable title" (*Jorgensen v Endicott Trust Co.*, 100 AD2d 647, 648 [1984]). Here, unlike in *Jorgensen*, Nations Credit was directly responsible for the defective title by foreclosing on a mortgage which it did not own. Thus, it is liable for

contribution and indemnification for the damages caused by the defective title.

Contrary to the contention of Nations Credit, Commonwealth properly paid Rose $275,000 pursuant to the title insurance policy. "[W]here there has been a total loss of title, the measure of loss will generally be the market value of the property within the limit of the policy" (*L. Smirlock Realty Corp. v Tit. Guar. Co.*, 97 AD2d 208, 226 [1983]). Although Rose paid the Einhorn Group the sum of only $150,000 for the subject property, the market value of the property was $350,000. Since Commonwealth insured the property for $275,000, Rose was entitled to recover that amount from Commonwealth.

However, Nations Credit correctly contends that the Einhorn Group is entitled to recover only $125,000 from it, as it is undisputed that the Einhorn Group did not return the $150,000 purchase price to Rose.

The parties' remaining contentions are without merit. Rivera, J.P., Dillon, Balkin and Austin, JJ., concur.