SAXON MORTGAGE SERVICES, INC., Respondent, v CARRIE COAKLEY et al., Defendants. 4798 FOURTH ASSOCIATES, INC., Nonparty Appellant. [43 NYS3d 97]—

In an action to foreclose a mortgage, nonparty 4798 Fourth Associates, Inc., the successful bidder at a judicial sale of the subject premises, appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 17, 2013, which denied its motion, inter alia, in effect, to adjourn the closing date for the sale of the property and to compel the plaintiff to correct recorded assignments of the mortgage.

Ordered that the order is affirmed, with costs.

The appellant was the successful bidder at a judicial sale of the subject premises. Prior to the closing, the appellant moved, inter alia, in effect, to adjourn the closing and to compel the plaintiff to correct alleged defects in recorded assignments of the mortgage, claiming that the referee could not otherwise convey marketable title. The Supreme Court disagreed, and denied the motion.

" 'As a general rule, a purchaser at a foreclosure sale is entitled to a good, marketable title' " (*Rose Dev. Corp. v Einhorn*, 65 AD3d 1115, 1116 [2009], quoting *Jorgensen v Endicott Trust Co.*, 100 AD2d 647, 648 [1984]; *see Heller v Cohen*, 154 NY 299, 306 [1897]). " 'A marketable title is a title free from reasonable doubt, but not from every doubt' " (*Bank of N.Y. v Segui*, 91 AD3d 689, 689 [2012], quoting *Barrera v Chambers*,

38 AD3d 699, 700 [2007] [internal quotation marks omitted]; *see Voorheesville Rod & Gun Club v Tompkins Co.*, 82 NY2d 564, 571 [1993]; *Laba v Carey*, 29 NY2d 302, 311 [1971]; *DeJong v Mandelbaum*, 122 AD2d 772, 774 [1986]; *Jorgensen v Endicott Trust Co.*, 100 AD2d at 648). " '[S]omething more than a mere assertion of a right is essential to create an unmarketable or doubtful title' " (*Bank of N.Y. v Segui*, 91 AD3d at 690, quoting *Nasha Holding Corp. v Ridge Bldg. Corp.*, 221 App Div 238, 243 [1927]; *see Argent Mtge. Co., LLC v Leveau*, 46 AD3d 727 [2007]). Here, the appellant failed to demonstrate that the referee could not convey marketable title (*see Jorgensen v Endicott Trust Co.*, 100 AD2d at 648; *see also Argent Mtge. Co., LLC v Leveau*, 46 AD3d at 727-728), particularly since the former owner and mortgagor of the property is barred from challenging the judgment of foreclosure and sale on the basis of any alleged irregularities in the assignments of mortgage (*see Signature Bank v Epstein*, 95 AD3d 1199, 1200 [2012]; *Long Is. Sav. Bank v Mihalios*, 269 AD2d 502, 503 [2000]; *see also SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d 674, 675 [2015]).

Accordingly, the Supreme Court properly denied the appellant's motion, inter alia, in effect, to adjourn the closing date for the sale of the property and to compel the plaintiff to correct recorded assignments of the mortgage. Leventhal, J.P., Chambers, Austin and LaSalle, JJ., concur.