Perelmuter v LRM Bldrs., LLC (2024 NY Slip Op 04404)

Perelmuter v LRM Bldrs., LLC

2024 NY Slip Op 04404

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-06368
 (Index No. 19532/06)

[*1]Arkady Perelmuter, etc., respondent, 
v
LRM Builders, LLC, et al., defendants; MI Buyer WB, LLC, nonparty- appellant.

Avi Rosengarten, Brooklyn, NY, for nonparty-appellant.
Adam E. Mikolay, P.C., Garden City, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty MI Buyer WB, LLC, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 25, 2022. The order, insofar as appealed from, granted the plaintiff's motion to direct the referee to release a down payment to the plaintiff and denied that branch of the cross-motion of nonparty MI Buyer WB, LLC, which was to direct the referee to return the down payment to it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to direct the referee to release the down payment to the plaintiff is denied, and that branch of the cross-motion of nonparty MI Buyer WB, LLC, which was to direct the referee to return the down payment to it is granted.
In June 2006, the plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Brooklyn. A judgment of foreclosure and sale dated April 8, 2019, inter alia, directed the referee to conduct a foreclosure sale of the property. On October 3, 2019, the referee held a foreclosure sale of the property. Nonparty MI Buyer WB, LLC (hereinafter MI), was the successful bidder, and it tendered the sum of $94,100 to the referee as a down payment for the purchase of the property, executed a memorandum of sale, and agreed to be bound by the terms of sale, which stated that the closing would be held 30 days from the date of the foreclosure sale or the next business day thereafter. According to the plaintiff's attorney, on October 31, 2019, MI's attorney called the plaintiff's attorney and indicated that MI's attorney had not received a title report and that MI would be unable to close by the law date. In a letter dated November 8, 2019, the plaintiff's attorney informed MI that since it had not appeared at the November 4, 2019 closing, it was in default and had forfeited the down payment. On December 3, 2019, MI's attorney emailed an updated title report prepared by Wellington Abstract, LLC (hereinafter Wellington), to the plaintiff's attorney, noting that two additional exceptions to title had been added to the report. MI's attorney stated in the email that "[u]pon further review it does appear that both of the exceptions present an issue as it does not appear that RPAPL Section 1351(1) was complied with, nor was the [judgment of foreclosure and sale] served within the time frame directed by the Court," and that it was clear that the referee was not in a position to deliver marketable title on the law day.
In March 2020, the plaintiff moved to direct the referee to release the down payment to the plaintiff. MI cross-moved, inter alia, to direct the referee to return the down payment to it. The Supreme Court granted the plaintiff's motion and denied that branch of MI's cross-motion. MI appeals.
"[W]hen a party to a real estate contract declares time to be of the essence in setting a closing date, each party must tender performance on that date, and a failure to perform constitutes a default" (Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 137; see Grace v Nappa, 46 NY2d 560, 565; Sweeney v Stark, 216 AD3d 1193, 1197). "'[W]here a seller seeks to hold a purchaser in breach of contract [and retain the down payment], the seller must establish that [he or she] was ready, willing, and able to perform on the time-of-the-essence closing date, and that the purchaser failed to demonstrate a lawful excuse for [his or her] failure to close'" (Martocci v Schneider, 119 AD3d 746, 748, quoting Donerail Corp. N.V. v 405 Park LLC, 100 AD3d at 138; see Sweeney v Stark, 216 AD3d at 1197). Similarly, as a general rule, to prevail on a cause of action for the return of a down payment on a contract for the sale of real property, the evidence must demonstrate that the seller was not ready, willing, and able to perform on the law day (see 313 43rd St. Realty, LLC v TMS Enters., LP, 215 AD3d 901, 902; see also Cohen v Kranz, 12 NY2d 242, 246; 313 43rd St. Realty, LLC v TMS Enters., LP, 163 AD3d 512, 514; Yu Ling Hu v Zapas, 108 AD3d 621).
"'As a general rule, a purchaser at a foreclosure sale is entitled to a good, marketable title'" (Rose Dev. Corp. v Einhorn, 65 AD3d 1115, 1116, quoting Jorgensen v Endicott Trust Co., 100 AD2d 647, 648; see Saxon Mtge. Servs., Inc. v Coakley, 145 AD3d 699, 699). "A marketable title is a title free from reasonable doubt, but not from every doubt" (Bank of N.Y. v Segui, 91 AD3d 689, 689 [internal quotation marks omitted]; see DiTech Fin., LLC v Steplight, 206 AD3d 698). "'[A] purchaser ought not to be compelled to take property, the possession or title of which he [or she] may be obliged to defend by litigation. He [or she] should have a title that will enable him [or her] to hold his [or her] land free from probable claim by another, and one which, if he [or she] wishes to sell, would be reasonably free from any doubt which would interfere with its market value'" (Barrera v Chambers, 38 AD3d 699, 700, quoting Voorheesville Rod & Gun Club v Tompkins Co., 82 NY2d 564, 571; see Laba v Carey, 29 NY2d 302, 311). Moreover, "'[s]omething more than a mere assertion of a right is essential to create an unmarketable or doubtful title'" (Bank of N.Y. v Segui, 91 AD3d at 690, quoting Nasha Holding Corp. v Ridge Bldg. Corp., 221 App Div 238, 243).
Here, in support of his motion, the plaintiff failed to adduce any evidence to establish, prima facie, that he was ready, willing, and able to perform on the time-of-the-essence closing date. In support of its cross-motion, MI demonstrated, prima facie, that the plaintiff was not ready, willing, and able to perform on the law day by adducing evidence that the plaintiff could not transfer marketable title at the scheduled time-of-the-essence closing. MI submitted a title report prepared by Wellington that listed two relevant exceptions from coverage: (1) that the referee failed to comply with RPAPL 1351(1), which requires that a foreclosed property be sold within 90 days of the date of the judgment of foreclosure and sale, and (2) that proof was required that a copy of the judgment of foreclosure and sale was served within 20 days of entry. MI also submitted an affirmation from Deena Gestetner, the principal member of Wellington, who stated that these exceptions, if not cured, would prohibit Wellington from issuing a standard owner's title policy and render title unmarketable. In opposition to the cross-motion, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have denied the plaintiff's motion to direct the referee to release the down payment to the plaintiff and should have granted that branch of MI's cross-motion which was to direct the referee to return the down payment to it.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court