Wilmington Sav. Fund Socy., FSB v Genova (2025 NY Slip Op 01665)

Wilmington Sav. Fund Socy., FSB v Genova

2025 NY Slip Op 01665

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-07679 
2022-07687
 (Index No. 19307/10)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Anthony Genova, et al., defendants, Kami Holding Corp, intervenor-appellant.

Bruce Barnes (McKinley Law, P.C., Lloyd Harbor, NY [Shannon Cody McKinley], of counsel), for intervenor-appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Briganti of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the intervenor, Kami Holding Corp., appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 12, 2019, and (2) an order of the same court (David P. Sullivan, J.) dated July 1, 2022. The order entered December 12, 2019, insofar as appealed from, denied those branches of the intervenor's motion which were, in effect, to set aside a foreclosure sale and for the return of its bid deposit. The order dated July 1, 2022, insofar as appealed from, granted those branches of the plaintiff's motion which were to deem the intervenor in default of its obligations under the terms of sale and to direct the referee to release the bid deposit to the plaintiff and denied the intervenor's cross-motion, in effect, for leave to renew and reargue those branches of its prior motion, in effect, to set aside the foreclosure sale and for the return of its bid deposit.
ORDERED that the appeal from so much of the order dated July 1, 2022, as denied that branch of the cross-motion of the intervenor, Kami Holding Corp., which was, in effect, for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Federal Natl. Mtge. Assn. v Vivenzio, 229 AD3d 510); and it is further,
ORDERED that the order entered December 12, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated July 1, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In October 2010, the plaintiff's predecessor in interest commenced this action to foreclose a mortgage on a condominium unit located in Long Beach (hereinafter the subject property). A judgment of foreclosure and sale was entered on March 29, 2018, in the plaintiff's favor, which, inter alia, directed the sale of the subject property (hereinafter the judgment). On [*2]December 18, 2018, a referee held a foreclosure sale of the subject property, and Kami Holding Corp. (hereinafter Kami) was the successful bidder. Kami tendered the sum of $40,000 as a deposit for the purchase of the subject property and executed the terms of sale. However, Kami failed to close the transaction.
In September 2019, Kami moved for leave to intervene in this action and, in effect, to set aside the foreclosure sale and for the return of its bid deposit. Kami contended that certain common charges had been demanded by the subject property's condominium association, which were incurred between the entry of the judgment and the foreclosure sale, rendering title to the subject property unmarketable. By order entered December 12, 2019, the Supreme Court granted that branch of Kami's motion which was for leave to intervene, but denied the remaining branches of Kami's motion.
Thereafter, the plaintiff moved, among other things, to deem Kami in default of its obligations under the terms of sale based on its failure to close and to direct the referee to release the bid deposit to the plaintiff. Kami cross-moved, in effect, for leave to renew and reargue those branches of its prior motion which were, in effect, to set aside the foreclosure sale and for the return of its bid deposit. By order dated July 1, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied Kami's cross-motion. Kami appeals from so much of the order entered December 12, 2019, as denied those branches of its motion which were, in effect, to set aside the foreclosure sale and for the return of its bid deposit, and from the order dated July 1, 2022.
"As a general rule, a purchaser at a foreclosure sale is entitled to a good, marketable title" (Rose Dev. Corp. v Einhorn, 65 AD3d 1115, 1116 [internal quotation marks omitted]). "A marketable title is 'a title free from reasonable doubt, but not from every doubt'" (Voorheesville Rod & Gun Club v E.W. Tompkins Co., 82 NY2d 564, 571, quoting Regan v Lanze, 40 NY2d 475, 482; see Saxon Mtge. Servs., Inc. v Coakley, 145 AD3d 699). "'[S]omething more than a mere assertion of a right is essential to create an unmarketable or doubtful title'" (Bank of N.Y. v Segui, 91 AD3d 689, 690, quoting Nasha Holding Corp. v Ridge Bldg. Corp., 221 App Div 238, 243; see Saxon Mtge. Servs., Inc. v Coakley, 145 AD3d at 700).
Here, Kami failed to demonstrate that title to the subject property was unmarketable. A "first mortgage foreclosure sale, except to the extent that there are proceeds in excess of the first mortgage, . . . extinguish[es] all prior liens . . . and vest full title in the grantee" (Bankers Trust Co. v Board of Mgrs. of Park 900 Condominium, 81 NY2d 1033, 1036; see Real Property Law § 339-z; GE Capital Mtge. Servs. v Misevcis, 204 AD2d 963, 964). In this case, there were no surplus funds resulting from the foreclosure sale. Consequently, the condominium association possessed no valid lien or claim against the subject property for common charges incurred between the entry of the judgment and the foreclosure sale (see GE Capital Mtge. Servs. v Misevcis, 204 AD2d at 964; Citibank v Saratoga Condominium, 202 AD2d 465, 466), which would render title unmarketable (see Saxon Mtge. Servs., Inc. v Coakley, 145 AD3d at 700).
Further, Kami failed to present evidence of fraud, collusion, mistake, or misconduct that cast suspicion on the fairness of the foreclosure sale, and it failed to establish any other ground to warrant setting aside the foreclosure sale (see Wilmington Sav. Fund Socy., FSB v Kelly, 229 AD3d 659, 660). Accordingly, the Supreme Court properly denied those branches of Kami's motion which were, in effect, to set aside the foreclosure sale and for the return of its bid deposit and granted those branches of the plaintiff's motion which were to deem Kami in default of its obligations under the terms of sale and to direct the referee to release the bid deposit to the plaintiff.
The Supreme Court also properly denied that branch of Kami's cross-motion which was, in effect, for leave to renew those branches of its prior motion which were, in effect, to set aside the foreclosure sale and for the return of its bid deposit. Kami failed to offer new facts or a change in the law that would change the court's determination denying those branches of its prior motion (see CPLR 2221[e][2]; Matter of Lepper v Village of Babylon, 230 AD3d 584, 586).
Kami's remaining contentions are without merit.
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court